■ The opinion of the court was delivered by
Tilg-hmAN, C. J.
This ejectment was brought.by Elizabeth M‘Ilvaine, upon whose death, Alexander MiIlvaine, her heir, was made plaintiff, according to the act of assembly in such case provided. It is the second time it has been brought before this court by writ of error, and having fully stated the material'facts in my former opinion, I shall refer to that statement without repeating it now. Op the last trial in the court below, the counsel for the defendant took two bills of exceptions to evidence, and several exceptions tp the charge of the court. The 1st bill is as follows: “ The plaintiff proposed and offered to prove, the declarations of Robert Hazlet, in the year 1809, while in the occupancy of the land in dispute, relative to the character in which he held and occupied the same, and in relation to the sale to Brotherton, to which testimony so offered by the plaintiff, the defendants by their counsel objected, and the court, upon argument, overruled the objection, and permitted the evidence to he given, whereupon the defendants excepted to the opinion of the court,” &c. The plaintiff’s counsel have attempted to destroy this bill of exceptions, by alleging, that after the court had decided, that the evidence might be given, the pláintiff’s witness was not able to give any testimony respecting Hazlet’s declarations, and therefore the defendants were not injured by the opinion of -the court to which they excepted. But this is an allegation which cannot be permitted, because it is in direct contradiction to the bill which is part of the record, and in which it is averred, that the evidence was permitted to be given. *77 After the court had decided that the .evidence -was admissible, it was in the power of the plaintiff to withdraw 'it, in which case it should have been inserted in the record that it was withdrawn, but as this record stands, it must be taken for granted that it was given. Were the declarations of Hazlet evidence then or not? In the first place,' they were offered to show the character in which he .occupied the land in dispute. But that character had been fixed, by a written lease which he' had accepted from Brotherton, and which could not be contradicted by any declarations of his — and in the next place, his declarations were offered, respecting a previous sale which he had made to Brotherton, by written articles of agreement. Hazlet 'was no party to the suit, and therefore his delarations, subsequent to the salé, were not evidence against Brotherton. But there was a particular impropriety in hearing parol declarations, touching a written contract. I am of opinion, therefore, that the evidence ouglit not to have been received. '
The second exception was, to the admission of evidence offered . by the plaintiff “ to prove the payment of money to Robert Hazlet, by Elizabeth M‘Ilvaine, in the year 1811, and at other times prior to the commencement of this suit.” Mrs. M‘Ilvaine had given her bond to Hazlet, on the 24th March, 1808, for £325, (the purchase money of the land in dispute) payable on the 25th March, 1808; why then should the plaintiff not give evidence of payment at any given time. Because, says the defendant, Házlet, before the year 1811, had sold the land to Brotherton, and if Mrs. MlIlvaine considered that sale as void, and insisted on. keeping the land herself, she ought to have paid the balance of the purchase money to Brotherton, and not to Hazlet. How the matter would have stood, if Brotherton had given her notice that her bond was assigned to him, and warned her not to make payment to Hazlet, is another question. It does not appear, that she received any such notice, and on that state of the case, it is extremely clear that she had a right to make payment to Hazlet; nay, that she could not safely have paid her money to any body else. • Because, even if she knew that Hazlet had sold to Brotherton, it did not follow that he had assigned her bond to him. And it was decided by this court, in the case of Bury v. Hartman (4 Serg. and Rawle, 175} that payment to the obligee, after assignment, and before notice, is good against the assignee. I am of opinion, therefore, that the evidence was properly admitted.
The defendant’s counsel took exceptions to several answers of the court below, to questions proposed for their opinion; but as they have only argued one of them, I shall not take notice of any other. That question (the 6th) is in the following terms. “ Unless there was full and satisfactory evidence, that the full amount of the bond of Elizabeth M‘Hvaine to Hazlet, was paid to Haz-let, prior to the sale made by him to Brotherton, or, that whatever was then due, has been since paid to John Brotherton, the plain *78 tiff in this, case cannot recover.” The court negatived the defendant’s proposition, and very rightly, for reasons which I have al-' ready given in my remarks on the 2d bill of exceptions. • In the case here put by the defendant’s counsel, there is no mention of notice to. Elizabeth M'Ilvain, of the assignment of her bond, and under these circumstances, her payment of the whole money to Haüet, and nothingto Brotherton, would be no impediment to the plaintiff’s recovery. I am.of opinion, on the whole, that judgment should be reversed and a venire de novo awarded.
Judgment reversed and a venire facias de novo awarded.