# Hodgdon *against* Naglee.

5ws217
161　254

It is no defence to a *scire facias* on a judgment entered up on a bond with warrant of attorney, that the mortgage given to secure the bond is not in the plaintiff's possession, or has been lost, mislaid or destroyed, and that the plaintiff refused to indemnify the defendant against its loss or destruction.

Payment by the obligor to the obligee of a bond accompanying a mortgage, extinguishes the mortgage even in the hands of an assignee of the mortgage for a valuable consideration, who neglects to give notice to the obligor of the assignment before payment of the bond.

ERROR to the District Court for the city and county of *Philadelphia*.

This was a *scire facias quare executio non* upon a judgment entered upon a bond with warrant of attorney, accompanying a mortgage executed by Alexander L. Hodgdon, the defendant, to John Tustin, and assigned by him to John Naglee, the plaintiff.

v.—28　　　　T

[Hodgdon v. Naglee.]

The defendant filed the following affidavit of defence :

Alex. L. Hodgdon, the above defendant, being duly affirmed, says that he has a just and true defence to the plaintiff's demand in this case, of the following nature and character, viz., that the writ above-mentioned is a *scire facias* to have execution of a judgment entered on a bond of defendant with warrant of attorney, given to John Tustin, and alleged by plaintiff to have been assigned to him. The bond was accompanied by a mortgage of real estate of defendant in the village of Richmond in this county. Said mortgage is not in plaintiff's possession, or has been lost, mislaid or destroyed. To December term 1840, No. 1038, in this court, the above plaintiff sued out a *scire facias* upon said mortgage, and defendant thereupon filed an affidavit of defence, (to which he here begs leave to refer, and to make part of his defence in this case), alleging the loss of the mortgage, and the demand of deponent on plaintiff, before suit brought, of an indemnity against the consequences of said loss or destruction, and the refusal and neglect of plaintiff to tender or give any such indemnity. The said bond and mortgage are securities for the same debt. This court, after argument upon the affidavit in said mortgage suit, refused to enter judgment for the plaintiff, and sustained the affidavit of defence. Said cause is still pending. Deponent avers the same facts in this case, viz., the loss or destruction of the mortgage, and its not being in plaintiff's possession : the demand upon plaintiff by deponent of indemnity, and the refusal by plaintiff to give it ; all before this suit brought.

The court rendered judgment in favour of the plaintiff for want of a sufficient affidavit of defence, which was now assigned for error.

The case was argued by

*G. M. Wharton*, for plaintiff in error ; and
*Mallery*, contra.

The opinion of the Court was delivered by

Kennedy, J.—Hodgdon, the plaintiff in error, executed several bonds, assignable in their terms, to John Tustin, the assignor of the defendant in error, to secure the payment of several sums of money, with a warrant of attorney annexed to each, authorizing the entry of a judgment thereon for the amount thereof; and at the same time executed a mortgage on certain real estate belonging to him, to Tustin, as a collateral security for the payment of the moneys mentioned in the bonds, which were all recited in the mortgage. Tustin assigned one of the bonds to Naglee, the defendant in error, who, as assignee thereof, had a judgment entered thereon in the court below, in his favour, for the amount thereof. The judgment thus entered, was suffered to remain upwards of a year and a day without any judicial process being sued out on it,

[Hodgdon v. Naglee.]

when it became necessary, before such process could be issued, that the judgment should be revived by a writ of *scire facias quare executio non fieri debet.* Accordingly, such writ, which was the commencement of this case, was sued out by Naglee as plaintiff, against Hodgdon as defendant, to which the latter appeared and filed an affidavit of defence, stating that the mortgage was not in the plaintiff's possession; that it had been either lost, mislaid or destroyed: that the plaintiff, before suing out the writ of *scire facias,* had been requested by the defendant to indemnify him against any loss or injury that should or might accrue by his paying the debt mentioned in the bond and judgment, without the plaintiff's being able to produce the mortgage; but the plaintiff had refused or neglected to do so. The court below conceiving that this was no defence to the plaintiff's right to have execution of the judgment, awarded execution; or rather, according to our practice in such case, rendered a judgment in favour of the plaintiff for the recovery of the amount of the judgment and the interest due thereon.

This being the state of the case, the only question presented by it is: was the defence set forth in the affidavit sufficient to bar, or even to delay or stay the plaintiff in his obtaining, or recovering by execution, the amount of the debt and interest due upon the judgment? We are clearly of opinion that it was not; and that the court acted correctly in rendering judgment for the plaintiff as they did. I can see no principle whatever upon which the plaintiff below ought to be required to give the defendant an indemnity before the latter shall be required and compelled to pay the money. The plaintiff holds and is in possession of the bond, which was the original and principal security given to secure the payment of the money. That the plaintiff came honestly by the bond, and is a *bonâ fide* holder of it, is not denied. This being the case, it is the duty of the defendant below to pay him the amount of it. Then why demand an indemnity for doing that which it is his duty to do? It being his duty to pay the amount of the judgment to the plaintiff, it follows of course that he cannot be prejudiced thereafter for having done so; and therefore can have no good reason for demanding an indemnity. The only pretence for demanding an indemnity, is the allegation, that the mortgage may have been assigned by the mortgagee or the plaintiff, if he had it, to a *bonâ fide* assignee for a valuable consideration, including the debt in question. But admitting this to be so, as long as such assignee has given no notice of his claim under the mortgage to the money claimed in this case, the defendant will be justified in paying it to the plaintiff. In *Bury* v. *Hartman,* (4 *Serg. & Rawle* 175), and *Brindle* v. *M'Ilvaine,* (9 *Serg. & Rawle* 74), it was ruled that payment of a bond by the obligor to the obligee, after the latter had parted with it by assignment to a third person, but before notice given thereof to the obligor, was good, and discharged

[Hodgdon v. Naglee.]

the obligor from paying it again to the assignee. But the defendant here, after paying without notice of the mortgage having been assigned, would certainly have much stronger ground upon which he would be justified in having done so, than the obligor who pays an assigned bond to the obligee without its being produced or shown at the time, where there is no mortgage securing the payment of it; for in such case it is the best and may be the only evidence of the debt: but in this case the bond, which may be considered the original and principal security for the debt, is produced by the plaintiff, who appears to be a *bonâ fide* assignee of it for a valuable consideration, and has it ready to be delivered up to the defendant whenever he shall pay the same. Besides, a person who, for a valuable consideration paid by him, takes an assignment of a mortgage, showing on its face that it was given to secure the payment of several bonds therein mentioned, with a view to entitle himself to receive the moneys mentioned in the mortgage and the bonds for his own use, must be considered very remiss, indeed, if he permits the mortgagee to retain the bonds, and gives no notice to the mortgagor of his having become the owner of the mortgage until after the mortgagor shall have paid and taken up the bonds from the obligee. The assignee of the mortgage, in such case, would have no claim to favour, as against the mortgagor, either in law or equity. The payment of the bonds by the obligor to the obligee, or an assignee thereof, would extinguish the mortgage.

Judgment affirmed.