## Riedrich *v.* Riedrich, Appellant.

*Evidence—Record—Previous proceedings between the same parties—Equity—Divorce.*

On a bill in equity filed by a wife under the Act of May 23, 1907, P. L. 227, to compel her husband to contribute to her support, a decree in favor of the wife cannot be sustained where it appears that the trial judge based his action on the adjudication of a prior proceeding in divorce which the husband had unsuccessfully instituted against his wife, but there is nothing to show that the record in the divorce suit had been offered in evidence, and no certificate of the trial judge that the record, although not offered in evidence, had been treated both by judge and counsel without objection, as if it had been formally before the court.

Argued April 15, 1915.    Appeal, No. 89, April T., 1915, by defendant, from decree of C. P. Allegheny Co., Oct. T., 1913, No. 276, dismissing bill in equity in case of Marie Riedrich v. Paul Riedrich.    Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.    Reversed.

Bill in equity for a decree for support.    The opinion of the Superior Court states the case.

*Error assigned* was decree in favor of the plaintiff.

*M. L. Thompson,* with him *C. F. Meeder,* for appellant.

*Frederic W. Miller,* with him *F. C. McGirr,* for appellee.

OPINION BY HEAD, J., March 1, 1916:

The plaintiff's wife filed this bill in equity against her husband under the provisions of the Act of May 23, 1907, P. L. 227, and its supplements.    In her bill she set forth the necessary facts to ground the jurisdiction of the court.    Service was had, a responsive answer filed, testi-

mony was taken and a decree requiring the husband to pay a fixed sum for the support of the wife was finally entered. From that decree he appeals.

The testimony of the two parties, who, by the statute are made competent witnesses, was to the last degree conflicting. If the plaintiff's testimony, corroborated to some extent as it was by her witnesses, was credible, no court would hesitate to compel the husband to support her even though separated from him. The fact of the separation was of course conceded as well as the further fact that the husband was not contributing to the support of the wife. The controlling inquiry then was, as the statute declares, was he separated from her without reasonable cause?

It appears from the findings of the learned trial judge that the defendant husband had previously filed a libel in divorce against his wife alleging a wilful and malicious desertion by her; that the testimony heard in that case was substantially the same as that heard in the present case, and that, after such hearing, a decree had been refused and his libel dismissed. From these facts, alleged to be of record, the learned judge reached the conclusion that "The decree dismissing the libel being an adjudication between the parties that the wife did not wilfully and maliciously desert her husband, by which decree the parties are bound as to the effect of their conduct up to the time of filing the libel, and as the evidence in this case was wholly as to matters before the filing of the libel, we are bound to find in this case that the separation of the wife from her husband was not a wilful desertion and therefore that the husband did in fact desert his wife." These findings of fact and law are assigned for error on the ground that the alleged record in the divorce case was not offered in evidence in the present case and therefore could not with propriety control the action of the trial court.

It is of course true that every one of the twelve judges of the Court of Common Pleas of Allegheny County is

vested not only with the powers of that court but also with those of the Court of Quarter Sessions; but we are not able to say that in the disposition of the case at bar, where the proceeding is to be conducted under equitable forms and for the purpose of securing equitable relief, the chancellor or trial judge could take judicial notice of a record either in the Court of Common Pleas or in the Court of Quarter Sessions, including not only the pleadings but also the evidence, and determine that such record was conclusive of the matters in controversy before him. Had such record with the closing judgment been formally offered, the learned chancellor would doubtless have been obliged to accord to the judgment its due legal weight and significance, but he would not have been warranted in going a step further nor in giving heed to statements of fact testified to by witnesses in such other proceeding, which statements, for aught the record could show, might have been rejected by the jury. Although the findings complained of indicate that the learned judge must have had both the pleadings and the evidence in the divorce case before him, the record of the present case, as it comes to us, shows no sign of any offer of such evidence during this proceeding. The explanation by counsel for the appellee is that the hearing in this case was actually conducted before the trial judge as if the record in the divorce case had been formally offered and admitted and that it was so treated both by court and counsel without objection from any source. Were this important fact certified to us by the learned trial judge, there would be sound reason for holding that the appellant had waived his right to have that record formally offered and that he was now estopped from objecting to its consideration as part of the evidence. In the absence of such certificate, we feel compelled to send the record back in order that the learned judge may make the proper findings on the evidence produced before him, or furnish such certificate as we have already adverted to.

In Cunningham v. Cunningham, 48 Superior Ct. 442, this court, in discussing the Act of 1907 and its supplements, said: "These Acts of 1907 and 1909 furnish an added protection to wives who have been deserted by their husbands without reasonable cause and the resort to a proceeding in equity is to be had in exceptional cases only, &c." We regard it as important therefore that the practice under these statutes be guarded with reasonable care, as the matters for determination in such cases are certainly as important, from the standpoint of the public as well as the parties, as the ordinary property rights usually adjudicated in such proceedings. The third assignment of error is sustained, the remaining ones are overruled.

The decree entered by the court below is set aside and the record is remitted with direction to find the material facts on the evidence produced by the parties before the learned trial judge, and thereupon to enter such decree as equity may require. The costs of this appeal to abide the ultimate decree.