## Leonard v. Leonard et al.   No. 1.

Hughes & McAlister, for plaintiff; Roy I. Carson, for defendants.

CUMMINS, J., April 28, 1930.—Plaintiff in her bill alleges in substance that she is the lawful wife of Eli P. Leonard, one of the defendants; that her said husband willfully and without probable cause deserted her about July 17, 1922; that her said husband is now a resident of the State of California; that from the time of said desertion he has refused and neglected to support plaintiff; that the husband defendant has a mortgage on property in this county (this county being plaintiff's residence), which he has for the purposes of collection assigned to W. D. Allison, the other defendant, as agent for him, the said Eli P. Leonard. Plaintiff by her bill seeks a decree directing a seizure of the said property of her husband in order that it may be applied to her support, agreeable to the provisions of the Act of May 23, 1907, P. L. 227, and its amendment.

On Jan. 27, 1930, counsel for defendants entered a general appearance, and on March 5, 1930, filed a petition, under Equity Rule 29, raising the question of the court's jurisdiction both over their person and property; and in this petition for rule also incorporated preliminary objections to the sufficiency of the cause of action alleged in plaintiff's bill, as is authorized by Equity Rule 48; and praying not only that the service on them be set aside, but also that plaintiff's bill be dismissed.

Any possible defect which might have existed in the service upon defendants has been cured not only by the entry for them by their counsel of a general appearance (Sherer v. Bank, 33 Pa. 134; Schober v. Mather, 49 Pa. 21; Brinton v. Hogue, 172 Pa. 366, 368; Bergman v. Straus, 264 Pa. 439, 442), but as well by the filing to plaintiff's bill what in substance, under the old practice, constituted a general demurrer to plaintiff's cause of action: Vandersloot v. P. W. & P. Co., 259 Pa. 99, 105.

Defendants' main contention is that the Act of May 23, 1907, P. L. 227, as amended by the Act of July 21, 1913, P. L. 867, does not authorize the seizure of a husband's real and personal property in desertion and nonsupport cases, except where the whereabouts of the defendant are unknown, and that, as it affirmatively appears by plaintiff's bill that the whereabouts of defendant husband are known, he being a resident of the State of California, the court, under the act, has no jurisdiction over the subject-matter involved.

Section 2 of the act, as amended, provides that "Whenever any man has heretofore separated, or hereafter shall separate, himself from his wife, without reasonable cause, or whose whereabouts are unknown, and, being of sufficient ability, has neglected or refused or shall neglect or refuse to provide suitable maintenance for his said wife, proceedings may be had against any property . . . of said husband . . . ; and service upon the defendant shall be made in the manner provided in the Act of General Assembly . . . , approved the sixth day of April, 1859." [P. L. 387.] (The act providing for service upon nonresidents.)

Defendants contend that the word "or" as used in this enactment must be construed as "and," that a proceeding under this act only lies where a husband has deserted his wife and his whereabouts are unknown. "Or" will be construed as "and" only when it appears from the context of the statute that the legislative intention can only be given effect by so construing it: Steinruck's Insolvency, 225 Pa. 461, 464; City of Butler v. Telephone Co., 93 Pa. Superior Ct. 533, 540; P. & L. Dig. of D., volume 20, column 35132.

The Act of April 13, 1867, P. L. 78, was passed by our legislature to compel husbands and fathers, by a quasi-criminal proceeding, to discharge their common law duty of supporting their wives and children. This act provided

for relief by prosecution, whenever " any husband . . . has or hereafter shall separate himself from his wife . . . . without reasonable cause, or shall neglect to maintain his wife . . ." It will be observed that under this Act of April 13, 1867, there arose two classes of cases, one in which the husband separates himself from his wife, deserting her, and the other class where the husband neglects to maintain his wife, although there has been no desertion in a legal sense: Carey v. Carey, 25 Pa. Superior Ct. 223.

The Act of May 23, 1907, which in substance is supplemental to the Act of 1867, provides for additional remedies for the first mentioned class covered by the latter act, while the amendatory Act of July 21, 1913, extended the scope of the Act of 1907 so as to bring within its provisions to a great extent the second group of these cases. This, in our opinion, is the clear purpose and intention of the Act of 1913. Certainly the legislature did not intend to give the remedy provided by this statute in cases where the whereabouts of the husband were unknown, and to withhold it merely because his residence in some foreign state was known, leaving the wife in the latter case without any remedy under the act; and for no logical reason.

The fact that this statute provides that service upon the defendant "shall" be made in the manner provided by the Act of 1859 is not inconsistent with the conclusion here reached, for the word "shall," when used by the legislature to a court, is usually a grant of authority and means "may," and even where intended to be mandatory is subject to the necessary limitation that there exists a proper occasion for the exercise of such power: Becker v. L. & M. St. Ry. Co., 188 Pa. 484, 495, 496; Anderson's Appeal, 215 Pa. 119, 122.

In Duncan v. Duncan (No. 1), 265 Pa. 464, and Duncan v. Duncan (No. 2), 265 Pa. 471, the fact that the court had jurisdiction, where it appeared that the whereabouts of the defendant were not unknown but that he was a resident of the State of California, was not even questioned.

Plaintiff's bill sets forth a good cause of action: Duncan v. Duncan, *supra*. The staying of foreclosure proceedings is but incidental to plaintiff's real cause of action, the procurement of support. Desertion and nonsupport is a continuing offense; it cannot be barred by the statute of limitations: Com. v. Kerbey, 8 Dist. R. 671; Directors of the Poor of Delaware County v. Mercer, 2 Clark, 303. And equity follows the law.

And now, April 28, 1930, defendants' rule is discharged, defendants' preliminary objections to plaintiff's bill are dismissed, and defendants are given ten days within which to answer, under penalty, upon failure so to do, of having the bill taken *pro confesso*.

### Concurring opinion.

BROWNSON, P. J., April 28, 1930.—All that need be decided at the present time is the question whether the court has jurisdiction to entertain the bill filed by the plaintiff. I think such jurisdiction is conferred by section 1 of the Act of May 23, 1907, P. L. 227, as amended by the Act of April 27, 1909, P. L. 182. That section authorizes a wife from whom her husband has separated without reasonable cause, and for whom he, being of sufficient ability, has neglected or refused to provide suitable maintenance, to sue in equity for the purpose of obtaining such maintenance, and gives to the court of common pleas of the county wherein the desertion occurred or the wife is domiciled "power to entertain a bill in equity in such action, and [to] make and enforce such orders and decrees as the equities of the case demand." See Erdner v. Erdner, 234 Pa. 500, 505, as to the purpose and scope of this section, as contrasted with the scope of section 2.

The second section of the act provides that certain specific measures of relief may be given "whenever such husband shall absent himself from the Commonwealth," and regulates the manner of service in that event. This second section was amended in 1909 (P. L. 182), and again by the Act of July 21, 1913, P. L. 867. The amendment of 1913 drops out of this section the words "whenever such husband shall absent himself from the Commonwealth" and substitutes in their place, as a statement of the circumstances under which the relief specified in the section may be given, the following words: "Whenever any man has heretofore separated, or hereafter shall separate, himself from his wife, without reasonable cause, or whose whereabouts are unknown, and, being of sufficient ability, has neglected or refused or shall neglect or refuse to provide suitable maintenance for his said wife." As to the effect of this amendment there has been some conflict of views in the reported cases. In Riebrich v. Riebrich, 23 Dist. R. 1001, Shafer, J., incorporated in his opinion a dictum (which was followed by Evans, J., in Carroll v. Carroll, 30 Dist. R. 1007), to the effect that the word "or" should be read "and," with the result that the particular relief provided for by section 2 would be available only when the husband is both delinquent and residing in parts unknown. Judge Shafer, however, did not decide the question, but, leaving it open, and recognizing the possibility of another interpretation, refused the kind of relief specified in section 2 upon the ground that the equities of the particular case did "not demand any such measures." In McIntyre v. McIntyre, 30 Dist. R. 993, Judge Shafer's dictum was disapproved and another view as to the construction and effect of the amendment was taken; and it must, I think, be admitted by every one that if the legislature did intend to lay down the grotesque rule that the wife shall have a particular measure of relief against her absent husband if she does not know where he is, but shall not have it if she does know, it would have been acting in an absurd way.

It is to be noted, however, that Judge Shafer, while denying the specific relief provided for in section 2, entertained the bill and granted relief, in the form of a decree for maintenance, under section 1. Upon an appeal from that decree, reported (sub. nom., Riedrich v. Riedrich) in 62 Pa. Superior Ct. 189, the decree was reversed upon the ground that the judge's finding of the husband's delinquency had been based upon the record of a previous divorce action which was not offered in evidence; but the appellate court sent the case back with instructions to find the facts upon evidence properly produced, "and thereupon to enter such decree as equity may require," thus recognizing the jurisdiction to entertain the bill in a case in which the husband was in court upon a personal service. Here, the defendants are in court by a general appearance, and I think the court has jurisdiction to entertain the bill, at least for the purpose of decreeing, under section 1, that support shall be provided for the plaintiff (Erdner v. Erdner, 234 Pa. 500, 505); and, therefore, without undertaking to determine at the present stage of the proceeding how much further it may have power to go in the way of granting relief—e. g., whether, according to the proper interpretation of the amended section 2, it may, upon the facts of the present case, impound the husband's property, or its proceeds, to provide a fund for maintenance during the indefinite future—I concur in the overruling of the preliminary objections to the bill and in requiring the defendants to answer the same. To what measure or measures of relief the plaintiff may be entitled can be passed upon later.

From Mrs. Daryle R. Heckman, Somerset, Pa.