## Flohr v. Flohr

*David E. Groshens,* for plaintiff.

KNIGHT, P. J., June 9, 1949.—Is a wife, who is in possession of her husband's automobile, and who has been deserted by her husband and has failed to receive any support from him for more than a year, entitled to a decree authorizing her to sell the automobile and apply the proceeds to defendant husband's liability for past support as well as present and continuing support?

### Findings of Fact

1. Plaintiff, Marion G. Flohr, resides with her aunt in Lansdale, Montgomery County, Pa., and earns her living as a cosmetician employed by the Sun Ray Drug Store. Her average weekly wage is $31.50.

2. Plaintiff and defendant were married September 10, 1940, in Alexandria, Va., and two children, twins, were born as a result of this marriage. The two girls, Nancy and Glen Flohr, live with their mother, plaintiff, in Lansdale.

3. Immediately after their marriage, plaintiff and her husband lived and cohabited together, in California, where they remained for approximately two years, when they moved to Philadelphia, where they resided for the next year and a half, until 1944.

4. Defendant was a professional entertainer, often using the alias of Kenneth Scott in his public appearances. His earnings, when he worked, were approximately $350 a week.

5. Shortly after plaintiff and her husband returned to Los Angeles in 1944, they separated, whereupon plaintiff returned to Philadelphia. Since that time, 1944, she has seen her husband, defendant, only once or twice a year.

6. From approximately July 1945 to July 1946 defendant was in jail in California, having been sentenced as a result of a theft in which he was involved.

7. During the time defendant was in prison in California, plaintiff lived with defendant's father in Upper Darby. After that plaintiff moved to Lansdale, where she continues to reside today.

8. Plaintiff saw her husband three times following his release from prison, the last time being in January 1948. On that occasion the meeting was at the Penn-Sheraton Hotel in Philadelphia, at which time defendant gave plaintiff his 1941 Chevrolet two-door sedan. He gave as his reason for the fact he was giving her the car, that he hadn't given her much and thought this would help her out. He did not, however, give her the certificate of title, but promised that he would send it to her, which he never did. Plaintiff has not seen defendant since the occasion of that meeting.

9. Since their separation in 1944 plaintiff has not received more than $200, or $300 at the most, from defendant for the support of herself and her two minor children, and since January 1948 defendant has contributed nothing toward the support of his wife and two children.

10. Shortly after getting possession of her husband's car, plaintiff paid the sum of $270 to T. D. Keyser, for repairs to the car. The present value of the car is $600.

11. Plaintiff pays board for herself and her children, at the rate of $30. It takes approximately $45 a week to support herself and her two children.

## Discussion

This bill requests equitable relief under the Act of May 23, 1907, P. L. 227, as amended by the Acts of April 27, 1909, P. L. 182, and July 21, 1913, P. L. 867, 48 PS §132.

Under this act, proceedings may be had against any property of a defendant husband, and the court may direct the sale of such estate as will provide necessary funds for maintenance of a plaintiff wife. The second section of the above act is a proceeding in rem, and this court has jurisdiction regardless of where defendant resides, or that personal service is not made upon him: Erdner v. Erdner, 234 Pa. 500; McIntyre v. McIntyre, 30 Dist. R. 993.

Therefore, where a bill in equity is filed, service is made by publication and judgment taken pro confesso, and testimony is adduced to prove the fact of marriage, and its present existence, desertion by the husband and neglect and refusal to support the wife and children, equity will decree the sale of available property of the husband to provide for maintenance of a wife and children.

The only further question presented by this proceeding concerns the amount of the order to be entered against the husband on account of the support of his wife and children.

It seems clear that the order should be in an amount to reimburse the wife for monies she has had to expend in the support of herself and her children since the date her husband deserted and neglected to support her. That date was January 26, 1948.

There are a number of lower court decisions in support of the conclusion that equity may enter an order for past support under the hereinbefore cited statutes.

Such an order for past support was entered in similar proceedings, under the same statute, by Judge Dannehower, in Musser v. Musser, in the Court of Common Pleas as of June term, 1948, no. 24, in equity, in which the bill was filed September 10, 1948, alleging desertion on February 1, 1945, and failure to support after October 31, 1945.

In his conclusions of law, the chancellor states that: "the plaintiff is entitled to one-half of the amount realized from the sale of the real estate owned by the plaintiff and defendant as tenants by the entireties, and the remaining one-half, or the defendant's half, be charged for the support of the plaintiff and minor children of the plaintiff and defendant, from the date of the defendant's last contribution for support, i. e. October 31, 1945."

In the decree in the same case, Musser v. Musser, supra, the court ordered the trustee "to pay from such account to Ruth E. Musser, the plaintiff, an aggregate sum in the amount of $6,640.00, being an amount computed at the rate of $40.00 per week from October 31, 1945, to date of this decree and for each week thereafter, a further sum of $40.00 per week for the support of Ruth E. Musser, plaintiff, and her two children, Shirley Ruth and Patricia Ann."

In Castello v. Castello, 21 Del. Co. 448, in an opinion by Judge Broomall, the court also awarded an aggregate sum in payment of support computed from the date of desertion, which, in that case, was several years before the proceedings.

Likewise, in Sheczaritis v. Sheczaritis, 8 Schuyl. Reg. 258 (1941), the court awarded an entire bank deposit of $595 to wife plaintiff, for past maintenance and support.

Plaintiff's case in the present instance is somewhat strengthened by the fact that, according to her testimony, her husband gave her the car which she now seeks to sell, with the specific intent of helping her out. He promised to send her the title certificate later, but never did so.

In effect, plaintiff is left no alternative other than this equitable proceeding, in order to carry out what was apparently the good-faith intention of the husband to make some provision for his two children.

Although the value of the car is fixed at $600, defendant's equity in the car is considerably less because of the expenditures plaintiff has incurred in repairing the car in the amount of $270. At most, her husband's equity in the car is no more than $330, and at the rate of $45 per week for the support and maintenance of herself and two children, which is unquestionably low, the support to which plaintiff would be entitled since the date of the hearing in this matter, would be $360.

That would dispose of the part of the proceeds representing defendant's equity in the car, without an order for support prior to the date of the hearing.

### Conclusions of Law

Equity has jurisdiction.

Plaintiff is entitled, pursuant to the provisions of the Act of April 27, 1909, P. L. 182, as amended (48

PS §132), to a decree authorizing her to sell the automobile of her husband in her possession, in order to provide funds for the support and maintenance of herself and her two children.

Plaintiff is entitled to maintenance and support computed from January 26, 1948, the date of her husband's desertion, as well as to present and future support from her husband.

Plaintiff to pay the costs.

## Decree

And now, June 9, 1949, it is ordered, adjudged and decreed, that the prothonotary mark these findings of fact and conclusions of law, filed, to become a part of the record in this case, and enter the following decree nisi:

1. Under and by virtue of these proceedings and said acts of assembly made and provided, the prayer of plaintiff is granted.

2. That plaintiff, Marion G. Flohr, be and is hereby authorized and empowered to sell the 1941 Chevrolet 2-door sedan, engine no. AA 810960, serial no. 5 AG04 32470, now in her possession, at either public or private sale, to transfer title to said automobile, and to execute whatever papers or instruments may be requisite effectually to transfer such title to the purchaser thereof, free and clear of all liability as to the application of the proceeds of the sale.

3. That the proceeds of the sale of said automobile be applied by the said Marion G. Flohr to the support and maintenance of herself and her two children computed at the rate of $45 per week from January 26, 1948, to the date of this decree, and for each week thereafter, a further sum of $45 per week, for the support of Marion G. Flohr, plaintiff, and her two children, Nancy and Glen.

4. All the above in accordance with the Act of May 23, 1907, P. L. 227, as amended by the Acts of April

27, 1909, P. L. 182, and July 21, 1913, P. L. 867, 48 PS §132, and the Act of April 6, 1859, P. L. 387, 12 PS §1254.

Plaintiff to pay the costs.

Notice to be given by the prothonotary as required by the Rules of Equity Practice, that unless exceptions shall be filed within 10 days from this date, the decree nisi shall become the final decree as of course.