## Scureman v. Scureman et al.

*Frank P. Slattery, Jr.,* for plaintiff.

*W. W. Hall,* for defendant.

PINOLA, J., May 11, 1950.—Plaintiff, wife of defendant, has brought an action against her husband under the Act of May 23, 1907, P. L. 227, for support and further to subject his property to the jurisdiction of the court in order to assure continued payment of support.

Defendant has filed four objections to the complaint.

We will consider them seriatim.

The first objection is to the effect that certain paragraphs designated contain more than one material allegation.

Equity Rule 34 declares that:

"Every bill shall contain, in a concise and summary form, a statement of the facts on which plaintiff relies, . . .; it shall be divided into paragraphs, numbered consecutively, each containing but one material allegation; . . ."

Our courts have already held that this rule must receive a reasonable construction. "Whatever is in the paragraph which is germane or relates to the particular point of the paragraph is properly there. It may contain the averment of a number of facts, but these must relate to the particular point": St. Peter's Evangelical Lutheran Church et al. v. Kleinfelter, 29 Dauph. 53; Gallizzi v. No. 9 Coal Co., 39 Luz. 307.

We have carefully considered the indicated paragraphs of the bill and do not find any that violate the spirit of this rule.

The question raised by plaintiff's counsel that the violation of the rule cannot be made the basis of a preliminary objection need not be decided in view of our conclusion. While in St. Peter's Church v. Kleinfelter, supra, the matter was called to the court's attention by motion to strike from the record the bill involved, in Gallizzi v. No. 9 Coal Co., supra, the question was brought to the court's attention by preliminary objection.

This objection is dismissed.

In the second objection defendant complains that certain designated paragraphs contain impertinent, irrelevant and scandalous matter. In such cases, Equity Rule 48, par. 4, requires that such alleged matter be "specifically quoted." As this was not done, this objection must also be dismissed.

In the third objection defendant urges that his wife is guilty of laches.

Desertion and nonsupport is a continuing offense, and therefore, an action may be brought by the suffering spouse at any time. Furthermore, although plain-

tiff avers (paragraphs 4, 5 and 6) that defendant intended to dissipate his assets, she declares in paragraph 7 that her husband "has commenced to liquidate" his assets. We assume that this occurred immediately prior to the date of her verification, to wit, February 6, 1950, and his activity prompted her to move. We consider her complaint to be timely and this objection must be dismissed.

The fourth objection is that the facts averred do not show a cause of action entitling plaintiff to the extraordinary relief provided by the Act of May 23, 1907, P. L. 227, she having an adequate remedy at law.

Defendant argues that he did not desert his wife, that he has merely separated from her, that he has, since 1944, been paying her the sum of $100 per month, that she has a remedy in the court of quarter sessions if that amount be deemed insufficient by her, and that in any event the equity proceedings directed against his property cannot be maintained because he is not only within the Commonwealth but actually within the jurisdiction of this court.

## Discussion

We will deal first with that portion of the objection which is concerned with the jurisdiction of the court.

Section 1 of the Act of May 23, 1907, P. L. 227, 48 PS §131, creates in equity an action in personam against any man who "shall separate himself from his wife without reasonable cause, and, being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his said wife, . . ." Under this section the wife is empowered to bring an action "at law or in equity" in the county where the desertion occurred or where she is domiciled. The court, in such cases, "shall make and enforce such orders and decrees as the equities of the case demand; . . ."

Section 2 (48 PS §132) creates an action in rem and provides for a seizure of the husband's property. It declares:

"Whenever any man has heretofore separated, or hereafter shall separate, himself from his wife, without reasonable cause, or whose whereabouts are unknown, and, being of sufficient ability, has neglected or refused or shall neglect or refuse to provide suitable maintenance for his said wife, proceedings may be had against any property, real or personal, of said husband, necessary for the suitable maintenance of the said wife; . . ."

Defendant's counsel argues that this action cannot be maintained against the property of defendant because the word "or" connecting the phrase "without reasonable cause" and the clause "whose whereabouts are unknown" should be read "and," and, therefore, his property may not be seized unless defendant has separated without reasonable cause from his wife *and* his whereabouts are unknown.

In support of his position he cites Reed v. Reed et al., 30 Dist. R. 373, where Judge Carpenter of Allegheny County held that the act did not apply to cases where defendant and his property are within the jurisdiction of the court, and Carroll v. Carroll, 30 Dist. R. 1007, where Judge Evans of the same court declared (p. 1008) :

"If his (the husband's) whereabouts are known and he lives in Allegheny County, she (the wife) has a complete remedy at law for her maintenance and there is no occasion for proceedings in equity."

When Judge Evans declared that "this has been ruled, and we think properly, that the word 'or' shall be read 'and'," he was referring to the decision by Judge Shafer in Riebrich v. Riebrich, 23 Dist. R. 1001 (1914).

In Bish v. Bish, 95 Pitts. L. J. 443 (1947), (three judges sitting), the Allegheny County court declared (p. 444):

"Jurisdiction to order that funds shall be raised by sale of property is not limited to proceedings where the husband is beyond the jurisdiction of the court. Riebrich v. Riebrich, 62 P. L. J. 356, cited by defendant, did not so decide. The applicable authority is Erdner v. Erdner, 234 Pa. 500, where it was held:

" 'The acts above referred to—' (Acts of 1907 and 1909, supra) '—contemplate two situations, one, a proceeding against the person; and the other, a proceeding in rem. In the former power is given "to make and enforce such orders and decrees as the equities of the case demand"; but in the latter the court is only authorized to "direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds" for the "suitable maintenance" of the wife. In the first, personal service is intended, and enlarged powers are given to the court; while in the last, service only by publication is contemplated, and the powers thereunder are limited.'

"The 'enlarged powers' available in the first kind of proceeding include the right to order that funds for support payments be raised by the sale of personal property."

Judge Lindsey of Warren County, in McIntyre v. McIntyre, 30 Dist. R. 993 (1921), refused to follow the construction of the word "or" in the Riebrich case, as he said, because it "would produce the result that if the husband's whereabouts are unknown, the wife may have the proceeding in rem, even if he is within the State, but that if she knows where he is, even though he be outside the State or the country, she can have only the proceeding against him personally, which is ineffectual because of lack of jurisdiction of his person; a result manifestly the opposite

of what was intended and which should not be produced if any other construction is possible. By such a construction, a husband could defeat the whole purpose of the act by simply crossing the State line."

Continuing, he said:

"We hold that this court has jurisdiction over the subject of maintenance for a wife domiciled within this county, *irrespective of the domicile of the husband;* that a proceeding for such maintenance may be a proceeding in rem against any property of the husband within this county, and such proceeding is one concerning property within the jurisdiction of this court." (italics supplied)

The court of Washington County also refused to follow the Riebrich decision. In Leonard v. Leonard et al., 15 D. & C. 35, in the concurring opinion, President Judge Brownson pointed out (p. 38) :

"Upon appeal from that decree, reported (sub. nom., Riebrich v. Riebrich) in 62 Pa. Superior Ct. 189, the decree was reversed upon the ground that the judge's finding of the husband's delinquency had been based upon the record of a previous divorce action which was not offered in evidence; but the appellate court sent the case back with instructions to find the facts upon evidence properly produced, 'and thereupon to enter such decree as equity may require,' thus recognizing the jurisdiction to entertain the bill in a case in which the husband was in court upon a personal service."

And in Kerstetter v. Kerstetter, 29 D. & C. 495, Hargest, P. J., declared (p. 501) :

"We cannot follow the case of Reed v. Reed et al., 30 Dist. R. 373, in which it is held that the Acts of 1907 and 1913 do not apply, if defendant and his property are within the jurisdiction of the court. Nor can we follow Riebrich v. Riebrich, 23 Dist. R. 1001, to the effect that the statute applies to a proceeding

in rem only when the whereabouts of the husband are unknown. As said in McIntyre v. McIntyre, 30 Dist. R. 993, 998:

" 'This construction is accomplished by saying that the word "or" therein means "and", and is supposed to improve the English of the enactment. We are unable to adopt this construction. We are not concerned with the grammatical correctness of the language used, but with the intention of the legislature, and it seems clear to us that this was to broaden the case where the remedy in rem was conferred so as to make it apply to all cases covered by the act.'

"Defendant left his home February 9, 1936. This bill was filed February 17th. If there was jurisdiction in the court to entertain the bill at the time it was filed, defendant's return to this county would not oust that jurisdiction. Moreover, as we construe the statute, . . . it could have been brought whether he was within this county or not. We have no difficulty, therefore, in coming to the conclusion that the case is brought within the provisions of the Acts of 1907 and 1913."

As late as 1949, Knight, P. J., of Montgomery County, in Flohr v. Flohr, 68 D. & C. 359, cited McIntyre v. McIntyre, 30 Dist. R. 993, and Erdner v. Erdner, 234 Pa. 500, as authority for the proposition that "the second section of the above act (1907, P. L. 227) is a proceeding in rem, and this court has jurisdiction regardless of where defendant resides or that personal service is not made upon him."

We agree with the reasoning of the later decisions and will follow them.

The second reason for the fourth objection, that defendant did not desert the wife, raises a question of fact.

"Non-support" is an offense that does not necessarily involve absence from the home, while "desertion" implies wilful withdrawal from and abandonment of

home and family and refusal to recognize and discharge marital obligations.

While the Act of April 13, 1867, P. L. 78, governed "desertion", the later acts (the Acts of 1907, 1909 and 1913) all govern "desertion or non-support".

Therefore, to give jurisdiction to the court it would seem unnecessary that defendant shall have deserted his wife.

In any event, the question of desertion or nonsupport, being one of fact, will have to be decided after a full hearing.

The third reason for this objection, that plaintiff has an adequate remedy at law, is also without basis.

In our opinion, the mere fact that he has been paying his wife $100 per month since 1944 does not prevent her maintenance of this action. As the court pointed out in Bish v. Bish, supra (p. 444):

"The right to bring this bill is not vitiated by the circumstance that, in a divorce proceeding, defendant is now under an order to pay alimony pendente lite to plaintiff. . . . Plaintiff does not have an adequate remedy at law. Procedure in connection with the alimony decree is inadequate. . . . The suggested remedy of desertion and non-support procedure in the County Court is inadequate. That Court has no jurisdiction to make an order subjecting specific property to payment of support allowance."

None of the reasons given sustain the fourth objection.

From a consideration of the whole case we conclude that this court has jurisdiction and the bill has been properly brought.

Accordingly, we enter the following

### Order

Now, May 11, 1950, the preliminary objections are dismissed and defendant is required to file his answer

within 20 days from the date hereof under penalty of having the bill taken pro confesso.