## M. F. BRIGGS, ADMR., v. M. L. BRIGGS.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 14, 1890—Decided May 5, 1890.

The bond secured by a mortgage was conditioned for payment of the debt to the "heirs or legal representatives" of the mortgagee, within three months of the decease of the mortgagee, or his wife, or the survivor of them. The wife survived her husband. In such case, payment was properly made to the husband's executors.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and McCOLLUM, JJ.

Statement of Facts.

No. 22 January Term 1890, Sup. Ct.; court below, No. 141 March Term 1889, C. P.

On February 26, 1889, M. F. Briggs, administrator of the estate of Ann Eliza Good, deceased, issued a scire facias sur mortgage, dated July 8, 1882, executed by M. L. Briggs, of the one part, to Peter Good, of the other part, providing:

"Whereas, the said M. L. Briggs, in and by one obligation or writing obligatory, under his hand and seal duly executed, bearing even date herewith, stands bound unto the said Peter Good in the sum of two thousand dollars, conditioned for the payment of one thousand dollars, with interest, to the heirs or legal representatives of the said Peter Good, within three months after the decease of the said Peter Good, or Ann Eliza, ' his wife, or the survivor of them. . . . . without any fraud or further delay, as in and by the said one recited obligation and the condition thereof, relation being thereunto had, may more fully and at large appear.

"Now, this indenture witnesseth, that the said M. L. Briggs, as well for and in consideration of the aforesaid debt or real sum of one thousand dollars, and for the better securing the payment of the same with interest unto the said Peter Good and Ann Eliza, his wife, their executors, administrators and assigns, in discharge of the said one recited obligation, . . . . hath granted, . . . . unto the said Peter Good, heirs and assigns, all the following described piece or parcel of land, situate in the township of Nescopeck, . . . .

"To have and to hold the said described piece or parcel of land, hereditaments and premises hereby granted or mentioned and intended so to be, with the appurtenances, unto the said Peter Good and Ann Eliza, his wife, their heirs and assigns, to the only proper use and behoof of the said Peter Good and Ann Eliza, his wife, their heirs and assigns forever.

"Provided always, nevertheless, that if the said M. L. Briggs, his heirs, executors, administrators or assigns, do and shall well and truly pay or cause to be paid unto the said parties aforesaid, their executors, administrators or assigns, the aforesaid debt or real sum of one thousand dollars, and rents mentioned herein, . . . ."

The præcipe for the writ contained a suggestion that Peter

Good died on April 25, 1885, and that Ann Eliza, his wife, died on August 11, 1887.

On March 20, 1889, the defendant filed an affidavit of defence, averring:

"The mortgage upon which the scire facias is issued was given to secure unpaid purchase money for land owned by one Peter Good, the husband of the said Ann Eliza Good. Upon the maturity of the said mortgage deponent paid the amount due thereon, principal and interest, to the executors of the last will and testament of Peter Good, deceased, to wit, on the 20th day of April, 1888, who receipted said payment upon the record and discharged the said mortgage obligation."

A rule for judgment for want of a sufficient affidavit of defence having been argued before RICE, P. J., the rule was discharged, without opinion filed, when the plaintiff took this appeal, assigning the order discharging said rule for error.

*Mr. Q. A. Gates*, for the appellant.

The bond is the principal, the mortgage collateral: De Witt's App., 76 Pa. 283; Moore v. Cornell, 68 Pa. 320; but the estate created by the mortgage was an entirety, and became the property of the survivor: McCurdy v. Canning, 64 Pa. 39; Wager v. Wager, 1 S. & R. 374; Tyler v. Moore, 42 Pa. 374; Gillan v. Dixon, 65 Pa. 395; Diver v. Diver, 56 Pa. 106; Watters v. Bredin, 70 Pa. 235; Urich's App., 86 Pa. 386. Being the property of the survivor, the executors of Peter Good had no authority to satisfy: Lancaster v. Smith, 67 Pa. 427; Tryon v. Munson, 77 Pa. 250; Brown v. Henry, 106 Pa. 262.

*Mr. William S. McLean* (with him *Mr. Charles S. Jackson*), for appellee.

That the mortgagee only could satisfy, counsel cited: Jones on Mortgages, §§ 48, 67, 700; Tryon v. Munson, 77 Pa. 250; 2 Bl. Com., 298; Simpson v. Ammons, 1 Binn. 175; Smith v. Shuler, 12 S. & R. 241; Bispham's Eq., § 152; act of March 31, 1823, 8 Sm. L. 131; Soper v. Guernsey, 71 Pa. 219; Tyler v. Moore, 42 Pa. 386.

PER CURIAM:

The affidavit of defence avers that the money due upon the

Syllabus.

mortgage in controversy was paid after its maturity to the executors of the last will and testament of Peter Good, deceased. The plaintiff alleges, however, that this was a mispayment; that the money should have been paid to him as administrator of the estate of Ann Eliza Good, the wife of said Peter Good. The bond accompanying the mortgage appears to have been lost, and was not produced in the court below, nor here. The recital thereof in the mortgage was admitted to be correct. It was in the name of Peter Good, " conditioned for the payment of one thousand dollars, with interest, to the heirs or legal representatives of said Peter Good, within three months after the decease of the said Peter Good, or Ann Eliza, his wife, or the survivor of them." This is plain, and we find nothing in the habendum of the mortgage or in the defeasance to change the legal effect of these words. After the death of both Peter Good and his wife, the money was paid to the executors of the former, and, for anything that appears, the payment was good.

The order of the court below refusing judgment is affirmed.