# Erdner *v.* Erdner, Appellant.

*Constitutional law—Title of act—Husband and wife—Desertion and non-support—Equity.*

1. The Act of April 27, 1909, P. L. 182, amending the Act of May 23, 1907, P. L. 227, and entitled "An Act to amend the Act of 1907 by permitting husband and wife to testify, and providing for the method of service or process" is not unconstitutional as containing more than one subject in its title.

*Equity—Equity practice—Service by publication—Legal Journal—Act of May 3, 1909, P. L. 424.*

2. The Act of May 3, 1909, P. L. 424, requiring legal advertisements in legal journals, does not apply to the publication of a notice to a non-resident defendant in an equity case, provided by the Act of April 6, 1859, P. L. 387, where the court has made a special order directing in what newspaper the notice should be published.

*Husband and wife—Desertion and non-support—Equity proceeding—Acts of May 23, 1907, P. L. 227 and April 27, 1909, P. L. 182—Service—Publication.*

3. A court of equity has no power under the Acts of May 23, 1907, P. L. 227, and April 27, 1909, P. L. 182, giving a wife equitable relief against the estate of her husband who has deserted her, if service has been had upon the husband by publication only, to enter a decree appointing a receiver and directing him to take all of the property and to sell or mortgage sufficient of the assets for the benefit of creditors and the support and maintenance of the wife. In such case the court itself must first determine what amount shall be suitable, and what property shall be sold or mortgaged for the maintenance of the wife.

Argued Nov. 3, 1911. Appeal, No. 98, Oct. T., 1911, by defendant from decree of C. P. No. 2, Allegheny Co., Oct. T., 1910, No. 420, on bill in equity in case of Emma Erdner v. John W. Erdner. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Rule to set aside a service under which was entered the following decree:

"And now, to wit, Nov. 7, 1910, this cause coming up for argument, it is ordered that George C. Erdner be appointed receiver of the Estate of John W. Erdner, to take charge of all property of defendant and preserve assets for benefit of creditors and for support and maintenance of wife of said John W. Erdner and with power to sell or mortgage sufficient of such estate for those purposes, and with further power to bring and defend all suits or actions at law that may be necessary to that end, and the creditors of the said John W. Erdner are hereby restrained from proceeding in any way against the property of said John W. Erdner, without the consent of the Court."

SHAFER, J., filed the following opinion:

"The proceeding is under the Act of May 23, 1907, as amended by the Act of April 27, 1909, in relation to husband and wife and the remedies of married women in cases of desertion and non-support. While this action was brought before the passage of the Act of 1909, publication was had after that act, as therein directed, according to the method provided in the Act of April 6, 1859, P. L. 387. The bill of petition alleges a desertion before the passage of the Act, the domicile of the wife in Allegheny County, and that the husband has absented himself from the Commonwealth, and prays for the seizure and sale of certain real estate in the county of Allegheny, alleged to belong to the defendant, as may be necessary for the maintenance of the plaintiff. The defendant appeared d. b. e. and obtained a rule to show cause why the order authorizing service by publication should not be vacated and such service set aside.

"The defendant claims that the Acts of 1907 and 1909, above mentioned do not authorize a service by publication, and that if they do they are unconstitutional. The Act of 1909 is said to be unconstitutional because it is alleged that the title contains more than one subject, the title being: 'An Act to amend the Act of 1907, by permitting husband and wife to testify, and providing

for the method of service or process.' " We are unable
to see how this constitutes two subjects. The object
of the Act is to establish a proceeding for seizure of the
property of husbands who desert their wives and mak-
ing it available for the support of the wife, and the pro-
vision as to who may testify and as to the mode of serv-
ice are both germane to the general subject and a mere
detail of it, and could not well be put in two different
acts.

"It was alleged that the Act is ex post facto, the al-
leged desertion having taken place in 1905. This is not,
we apprehend, a question which can be discussed upon
the application of one who appears de bene esse. We
are now concerned only with the validity of a service
upon him. Whether the circumstances are such as will
make the Act applicable to him or not can only be dis-
cussed when the subject matter of the bill comes be-
fore the court.

"It is further alleged, and this is the principal matter
in question, that the proceeding is not of such a charac-
ter as to authorize the Commonwealth to proceed
against him without an actual service, and that a serv-
ice by publication is therefore null. The argument of
the defendant is based upon the view that the proceed-
ing is an attempt to collect a debt, or to enforce the
rights of a creditor or at least of a quasi-creditor. We
agree with the defendant that no personal decree could
be entered against him on the proceeding provided by
these Acts, and if they attempt to authorize any such
proceeding they would be to that extent unconstitu-
tional and void. But we do not understand that the
Act undertakes to do any such thing. All it provides
for is that in case a wife is domiciled in this Common-
wealth and has been deserted by her husband, and the
husband has, within the jurisdiction of the Court, prop-
erty real or personal which can be applied to her sup-
port, this may be done by adopting the proceeding pro-
vided for by the Act. The duty of the husband to sup-

1912.]    Opinion of Court below—Opinion of the Court.

port his wife does not depend upon contract, but results from the status of the parties. It would be strange indeed were the Commonwealth unable to seize by appropriate proceedings the property left behind by a deserting husband and use it for the maintenance of the wife. The subject matter of the proceeding is not a personal right of action of the wife against the husband, but is the status of the wife and the property itself, and as these are within the jurisdiction of the Court the case falls within the terms of the Act of 1859, the constitutionality of which as to service by publication under the circumstances provided for in it has not been questioned.

"It is also objected to the service that no publication was made in the Pittsburgh Legal Journal, as required by the Act of May 3, 1909. That Act provided that all notices required by law to be published shall be put in a legal newspaper 'unless dispensed with by special order of Court.' The order for the publication of this case directs in what newspaper the publication shall be made without any mention of the Pittsburgh Legal Journal. The Act of 1859 provides that the publication shall be made in such one or more newspapers 'as such Court shall by special order direct.' We are of the opinion that an order of this kind, especially one made under an Act requiring a special order, amounts to a dispensation from publication in a legal journal. Being of opinion, therefore, that the service is good, the rule is discharged."

*Error assigned,* among others, was (5) the decree entered.

*George H. Quaill,* for appellant.

*Edmond Englert,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1912:

This is an appeal from an order discharging a rule to

set aside the service by publication of a bill in equity filed under the Act of May 23, 1907, P. L. 227, as amended by the Act of April 27, 1909, P. L. 182. The appellee states in its brief that any objection to the plaintiff's appeal upon the ground that it might be viewed as from an interlocutory order, and all other such possible objections, are waived "for the purpose of settling the property rights involved." The opinion of Judge SHA-FER in the court below disposes of the several questions discussed therein so satisfactorily that it is unnecessary to treat of them here. But we feel that the service was insufficient to support the decree entered.

There are two sections in the Act of 1909; the first provides, "That if any man shall separate himself from his wife without reasonable cause, and being of sufficient ability, shall neglect or refuse to provide suitable maintenance for his said wife, such wife * * * is hereby empowered to bring her action * * in equity against such husband for maintenance * * * and the said court shall have power to entertain a bill in equity in such action, and shall make and enforce such orders and decrees as the equities of the case demand; and * * * the husband and wife shall be fully competent as witnesses." The second section provides, "Whenever such husband shall absent himself from the commonwealth, proceedings may be had against any property, real or personal, of said husband, necessary for the suitable maintenance of said wife, and the court may direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds for such maintenance; and service upon the defendant shall be made in the manner provided in the Act of * * * sixth of April, 1859." The Act of April 6, 1859, P. L. 387, provides "that in any proceeding in equity concerning goods, chattels, lands, etc., situate or being within the jurisdiction of such court * * *" or "where the court have acquired jurisdiction of the subject-matter in controversy by the service of its process on one or more of the principal defend-

ants" that personal service may be made outside of the jurisdiction of the court wherever the defendant may be found and "that whenever it shall appear to the satisfaction of such court" that the defendant cannot be found "so as to be personally served," the court may make an order for service by publication, and upon the expiration of the time fixed in the order, "proceed as fully and effectually as if such process had been served within the jurisdiction of such court."

The Acts above referred to contemplate two situations, one, a proceeding against the person; and the other, a proceeding in rem. In the former power is given "to make and enforce such orders and decrees as the equities of the case demand"; but in the latter the court is only authorized to "direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds" for the "suitable maintenance" of the wife. In the first, personal service is intended, and enlarged powers are given to the court; while in the last, service only by publication is contemplated, and the powers thereunder are limited. This same idea is to be found in the earlier Acts of Assembly to compel support, where warrants for the arrest of the person and warrants for the seizure of goods are both provided for (See 1 Stewart's Purdon's Dig. 13 Ed. p. 1217, et seq.); and in Guardians of the Poor v. Picard, 1 S. & R. 239, construing these earlier Acts, we held that the delegation by the judges of the power and duty of determining the amount of a husband's property to be taken for the maintenance of his wife and family was not conformable to either the words or the spirit of the law. Here the decree expressly declares that the receiver is "to take charge of all property of defendant and preserve the assets for the benefit of creditors;" it authorizes him "to sell or mortgage sufficient of such assets" for the "benefit of creditors" and the "support and maintenance of the wife," and contains an order restraining all creditors from proceeding against the defendant or his prop-

erty. Under the service in this case the court had power to direct a sale or mortgage of so much of defendant's estate as might be necessary for the maintenance of the plaintiff, but before so doing it should first have determined what amount would be suitable, and, next, what property of the defendant should be taken for that purpose; then it could have decreed a sale or mortgage accordingly. Since the property affected was within the jurisdiction, service by publication was sufficient, and we cannot say that the notice was lacking in any essential detail; but the court had no power to delegate to the receiver the duty of deciding the amount that would be necessary or suitable for the maintenance of the wife, or of determining the property to be sold or mortgaged for that purpose; nor could it make this special statutory remedy given to a wife a substitute for a bankruptcy or insolvency proceeding for the benefit of creditors.

The fifth assignment of error which goes to the final decree is sustained, and the others will not be passed upon; the decree is set aside, the costs to be paid by the appellant's estate.