Thomas v. Thomas et al., Appellants.

Argued December 11, 1933.

Before Trex-
ler, P. J., Keller, Cunningham, Baldrige, Stadtfeld,
Parker and James, JJ.

*Isaac A. Pennypacker,* and with him *William Carson Bodine* and *Eric A. McCouch,* for appellant.

*Richard K. Stevens* of *Stradley, Ronon, Stevens & Denby,* for appellee.

OPINION BY STADTFELD, J., April 16, 1934:

This is a bill in equity brought by Edith F. Thomas against Paul K. M. Thomas and the Fidelity-Philadelphia Trust Company, trustee under the will of Augustus Thomas, deceased, for the purpose of subjecting to her support and that of her son, the income from the principal of a spendthrift trust, of which the individual defendant is life tenant and the corporate defendant is trustee.

Both defendants filed petitions under the Act of March 5, 1925, P. L. 23, for rules to show cause why the bill should not be dismissed for want of jurisdiction. The petition of Paul K. M. Thomas set forth the two-fold purpose of contesting the jurisdiction of the court over him and over the cause of action for which the bill of complaint was filed; that of the trustee over the cause of action only. Such rules were granted and were argued together before GABLE, J., sitting in the domestic relations division of the municipal court. On October 30, 1933, he entered orders discharging both rules. Exceptions were taken thereto, and both defendants appealed separately from the

respective orders.  Both appeals were argued together and will be disposed of in one opinion.

In the bill of complaint plaintiff sought a preliminary injunction restraining the Fidelity-Philadelphia Trust Company, trustee under the will of Augustus Thomas, deceased, from paying out any money in its hands, or hereafter accruing to the defendant, Paul K. M. Thomas, and for a further order directing seizure of a sum amounting to fifty per cent of all sums held by said Fidelity-Philadelphia Trust Company as trustee, or thereafter accruing and received by it, under the will of said Augustus Thomas, deceased, for said Paul K. M. Thomas, said sum to be set aside for the suitable and necessary maintenance of complainant.  Counsel for all parties agreed, without prejudice, that the trust company should retain one-half of the income accruing from the trust pending the outcome of this action, and the preliminary injunction was abandoned.

The bill was served upon the Fidelity-Philadelphia Trust Company on July 28, 1933.  Paul K. M. Thomas was never served otherwise than by publication pursuant to the Act of April 6, 1859, P. L. 387, nor was any appearance entered upon his behalf.

The bill averred that plaintiff was married to the individual defendant at Buffalo, New York, on April 15, 1902; that she and her husband lived together at various places in the State of New York until on or about May 26, 1932; that on or about that date Paul K. M. Thomas separated himself from and deserted the plaintiff and has neglected to support her since October, 1932; that plaintiff's station in life requires $6,000 per annum for support and maintenance; that the plaintiff is now domiciled at Hamilton Court, 39th and Chestnut Streets, Philadelphia, and that the individual defendant resides at 2787 Hudson Boulevard, Jersey City, New Jersey; that the other defendant,

Fidelity-Philadelphia Trust Company, is trustee of a spendthrift trust in which the defendant, Thomas, has an interest to the extent of $9,600 per annum under the will of Augustus Thomas, who died April 23, 1914, in the County of Philadelphia.

Relief was sought under the Acts of May 23, 1907, P. L. 227; April 27, 1909, P. L. 182; July 21, 1913, P. L. 867, and May 10, 1921, P. L. 434, and any other applicable statutes. The plaintiff prayed that the defendant, Fidelity-Philadelphia Trust Company, be restrained from paying out any money to defendant Paul K. M. Thomas under the will of Augustus Thomas; that 50% of the principal value of the trust fund be seized under the order of the court for maintenance of the plaintiff, and orders suitable to the exigencies of the case be made against both defendants; and praying that the defendant, Thomas, be served in accordance with the Act of April 6, 1859, P. L. 386.

The will of Augustus Thomas (deceased April 23, 1914) in the third paragraph thereof covers payment of income to the beneficiaries and provides, inter alia, "that all payments of income from my estate shall be made quarterly shall be paid to the beneficiaries thereof upon their respective individual receipts, without the power of control, alienation or pledge thereof on the part of said beneficiaries until they shall have actually received the same, that no income of my estate shall be liable to attachment upon any judgment against any beneficiary thereof while in the hands of my said Trustees, and shall not be subject in any way to the debts, contracts or engagements of any beneficiary."

Appellants rely on the following grounds: (a) The Act of July 11, 1923 limits the jurisdiction of the municipal court in all civil proceedings at law or in equity to $2,500. (b) Lack of personal service on Paul K. M. Thomas. (c) Lack of jurisdiction to make a decree in rem such as prayed for. (d) Absence of

any decree or order for support. (e) The Act of 1921 cannot constitutionally apply to a spendthrift trust set up in 1914.

(1) The Municipal Court Act (Act of July 12, 1913, P. L. 711, 17 PS §681) gives the municipal court exclusive jurisdiction in "all proceedings brought against any husband or father, wherein it is charged that he has, without reasonable cause, separated himself from his wife or children, or from both, or has neglected to maintain his wife or children ......" There is no question as to the jurisdiction of the municipal court, regardless of the amount involved: Scott v. Scott, 80 Pa. Superior Ct. 141 (1922).

(2) The lower court held that the defendant, Paul K. M. Thomas, by his special appearance, "in which were set forth matters of defense unnecessary to the raising and decision of the question as to the jurisdiction of the court," has in effect placed himself within the jurisdiction of the court for all purposes as by a general appearance.

In Rutherford Water Company v. Harrisburg, 297 Pa. 33 (1929), it was specifically held that the court would not consider any new matters alleged in the petition, or matters that were purely of defense; and that "the question must be determined upon the averments of the bill only."

In Gray v. Camac, 304 Pa. 74 (1931), at 76, the court states: "...... jurisdiction over the 'cause of action,' as that expression is used in the statute, has reference 'solely to the competency of the particular court to determine controversies of the general class to which the case then presented for ...... consideration belongs': Staryeu v. Midouhas, 299 Pa. 352, 353-4, quoting from Skelton v. Lower Merion Twp., 298 Pa. 471, 472."

The cause of action, in the instant case, is a suit for maintenance and support by a deserted wife. The

petitions filed by the defendants purport to be under the Act of March 5, 1925, P. L. 23 (12 PS §672-5). The act provides that a question of jurisdiction over the defendant or the cause of action may be preliminarily determined upon the pleadings or with depositions, as the case may require. It is of course limited to its terms. The petitions of both defendants attempt to raise questions which cannot be before the court at the present time.

In Lackawanna County v. James, 296 Pa. 225, 227 (1929), the Supreme Court said: "The purpose of the act is to enable a defendant to have determined, preliminarily, whether he is required to answer to the action, instead of having to wait until after he has incurred the delay and expense of a trial and appeal, only to find out, at the end of litigation, that the case should not have been heard on its merits at all. It was not intended to furnish a shortcut to a determination of the issues of law or fact, raised by the pleadings, however certain their ultimate determination may appear to be."

In the case of Taylor v. McCafferty, 27 Pa. Superior Ct. 122 (1905), at p. 126, this court said: "The motion on a conditional appearance must be directed only to some formal defect in the bill or irregularity in the service, with nothing by way of defense on the merits. If it presents anything in the nature of a reply to the matters contained in the bill, it goes beyond the scope of a conditional appearance, and implies submission to the judgment of the court on such reply. It thus operates as an appearance to the action, and also as an answer or demurrer, according to the nature of the reply, and hence as a waiver of any formal defect in the bill or defect in the service." By filing a pleading, at least in part to the merits of the cause, brings the defendant into court for all purposes.

(3) The court has jurisdiction to grant the relief

sought against the property of defendant within this Commonwealth even if the service on defendant, Thomas, be by publication. It is provided by statute that where a man has separated himself from his wife, without reasonable cause, or his whereabouts are unknown, and being of sufficient ability, has neglected and refused, or shall neglect or refuse to provide suitable maintenance for his wife, proceedings of the nature herein concerned may be taken by the deserted wife for maintenance and support, and service made by publication (Act of May 23, 1907, P. L. 227; Act of April 27, 1909, P. L. 182; Act of July 21, 1913, P. L. 867, 48 PS §131-2).

It is also provided by statute that a court of competent jurisdiction may enforce an order for support and maintenance out of money or property to which the deserting husband is entitled under what is known as a spendthrift trust, whenever made (Act of May 10, 1921, P. L. 434, 48 PS §136).

While it is true that if the only service be by publication, a decree *in personam* cannot be made, a decree *in rem* can be made against the property of the deserting husband found within the county. The property, in this case, is the trust fund held by the Fidelity-Philadelphia Trust Company: Erdner v. Erdner, 234 Pa. 500 (1912); Moorehead's Estate, 289 Pa. 542 (1927); Shreve v. Shreve, 305 Pa. 425 (1931).

In Erdner v. Erdner, supra, the specific claim of the defendant was that the Acts of 1907 and 1909 did not authorize service by publication, and that if they did, they were unconstitutional. The lower court said (502): "All it provides for is that in case a wife is domiciled in this Commonwealth and has been deserted by her husband, and the husband has, within the jurisdiction of the court, property, real or personal, which can be applied to her support, this may be done by adopting the proceeding provided for by

the act. *The duty of a husband to support his wife does not depend upon contract but results from a status of the parties. ...... The subject matter of the proceeding is not a personal right of action of the wife against the husband but is the status of the wife and the property itself, and as these are within the jurisdiction of the court, the case falls within the terms of the Act of 1859.*"

In McIntyre v. McIntyre, 30 D. R. 993, the court by LINDSAY, P. J., found that a proceeding under the second section of the Act of 1907, P. L. 227, as amended, gave it jurisdiction to make the order even though no service was made except by publication on the defendant. The court said, at 997: "The elements that confer jurisdiction under such circumstances are the status of the wife and the property itself." And at 998: "We hold that this court has jurisdiction over the subject of maintenance for a wife domiciled within this county, irrespective of the domicile of the husband; that a proceeding for such maintenance may be a proceeding *in rem* against any property of the husband within this county, and such proceeding is one concerning property within the jurisdiction of this court. It follows that the order for service of process on the defendant outside the state, under the Act of 1859, was properly made."

(4) Appellants contend that the Act of May 10, 1921, does not give the lower court jurisdiction of the cause of action because no decree or judgment has been entered against the defendant, Paul K. M. Thomas.

But independent of that act, authority was given by the Act of May 23, 1907, P. L. 227, as amended by the Act of April 27, 1909, P. L. 182, and the Act of July 21, 1913, P. L. 867, to seize any property of the husband to provide the necessary funds for her maintenance.

Said act provides, inter alia, as follows: "Whenever any man has heretofore separated, or hereafter shall separate, himself from his wife, without reasonable cause, or whose whereabouts are unknown, and, being of sufficient ability, has neglected or refused or shall neglect or refuse to provide suitable maintenance for his said wife, proceedings may be had against any property, real or personal, of said husband, necessary for the suitable maintenance of the said wife; and the court may direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds for such maintenance; and service upon the defendant shall be made in the manner provided in the act of general assembly, entitled 'An act to authorize the execution of process in certain cases in equity, concerning property within the jurisdiction of the court, and on the defendants not resident or found therein,' approved the sixth day of April, one thousand eight hundred and fifty-nine." Any other construction would nullify the purpose of the act. Under the construction contended for by appellants, without a prior personal judgment or decree against the defendant, his property within the Commonwealth could not be subjected to liability for the support of his wife. With this contention we can not agree. As stated by Mr. Justice MOSCHZISKER, in Erdner v. Erdner, 234 Pa. 500, on p. 505, "The acts above referred to (Acts of 1907 and 1909, supra) contemplate two situations, one, a proceeding against the person; and the other, a proceeding in rem. In the former, power is given 'to make and enforce such orders and decrees as the equities of the case demand;' but in the latter the court is only authorized to 'direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds' for the 'suitable maintenance' of the wife. In the first, personal service is intended, and enlarged powers are given to the court;

while in the last, service only by publication is contemplated and the powers thereunder are limited."

(5) Can a deserted wife reach property held under a spendthrift trust for her husband? The lower court, relying on Moorehead's Estate, 289 Pa. 542, held that she could, without regard to the remedial provisions of the Act of May 10, 1921, P. L. 434.

Under the will of Augustus Thomas, the defendant, Paul K. M. Thomas, is the recipient of income under a spendthrift trust provision during his lifetime. After his death, the will provides that the income, or a portion thereof, and, under certain circumstances, an increased amount thereof, shall be payable to the widow of the said Paul K. M. Thomas, the present appellee. It is clear, from the provisions of his will, that the testator did not intend to exclude from benefits under the will the complainant appellee, the wife of the nephew defendant, Paul K. M. Thomas. On the contrary, it is apparent that the testator actually intended the trust fund which he was creating to be for the benefit of his nephew and the latter's wife and children.

Paraphrasing the language of Mr. Justice FRAZER in Moorehead's Estate, we are unable to avoid the conclusion that when testator hedged in the trust in favor of his nephew with the restrictive words employed, he had in mind only debts, contracts or engagements ordinarily made and incurred in usual contractual or financial transactions.

The decision in Moorehead's Estate was based upon three independent grounds: (1) It was not the intent of the testatrix to bar the deserted wife; (2) to do so would be contrary to public policy; and (3) the obligation of a husband is not based on any contractual relation; it is a fundamental duty. In that case the orphans' court granted an injunction until

the petitioner could enforce her rights in the common pleas court.

Moorehead's Estate is cited in the Restatement of the law of Trusts, Tentative Draft No. 2, Sec. 153, page 48 and Explanatory Note thereto, page 124, as holding that "the interest of the beneficiary of a spendthrift trust may be reached by his wife for support."

To the extent that the cases prior to the decision in Moorehead's Estate differ therefrom, the former must be considered as overruled. It is a step in the right direction and consonant with public policy and good morals.

Independent of the Act of 1921, we believe, as indicated supra, that the lower court did not err in discharging the rules to dismiss the bill of complaint for want of jurisdiction. The assignment of error in each case is overruled and the appeals dismissed. Costs to be paid by appellants.