Eldredge, Appellant, *v.* Eldredge et al.

Argued April 27, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*W. Bradley Ward,* with him *Lemuel B. Schofield,* for appellant.

*Carroll Wetzel,* with him *Dechert, Smith & Clark,* for appellees.

OPINION BY KELLER, P. J., September 29, 1937:

Veronica Eldredge filed her bill in equity under the Act of May 23, 1907, P. L. 227, and its amendments, 48 PS secs. 131, 132, in the Municipal Court of Philadelphia County, against Harry B. Eldredge, her husband, and James B. Mosteller and Rosalind D. Mosteller, alleged mortgage debtors of her husband. In the bill she stated that she was married to Harry B. Eldredge in 1914 and had maintained her residence and domicile in Philadelphia County ever since; that her husband deserted her in Philadelphia County in 1918 without

reasonable cause, never returned, and (although of sufficient ability) had neglected to provide her with suitable maintenance and support.

She further averred that her husband, as she was informed and believed, was outside Pennsylvania; and that he had inherited and still owned a five-eighteenths interest, worth $2,777.77, in a bond and mortgage for $10,000, executed by James B. Mosteller and Rosalind D. Mosteller, secured upon real estate in West Chester, Chester County, Pennsylvania.

She prayed for an injunction against the Mostellers to prevent their paying principal or interest to Harry B. Eldredge. She also asked for an accounting by the Mostellers and an order directing seizure of the amount due from the Mostellers to Harry B. Eldredge and impounding it for her past and future maintenance. The court set a date for hearing complainant's motion for a preliminary injunction.

On motion of counsel for Mrs. Eldredge, the court ordered service to be made on the Mostellers in Chester County and on Harry B. Eldredge by publication, in the manner provided in the Act of April 6, 1859, P. L. 387, 12 PS secs. 1254 to 1256, as required by section 2 of the Act of 1907 as amended, 48 PS sec. 132. Service on the respective defendants was made accordingly.

On March 11, 1937, the day before that set for the hearing, the Mostellers, appearing only to question the jurisdiction of the Municipal Court in this case, filed a petition under the Act of March 5, 1925, P. L. 23, 12 PS secs. 672 to 675. They were granted a rule on the complainant to show cause why service on them should not be set aside and the bill dismissed for want of jurisdiction. On March 29, 1937, the rule to set aside service on the Mostellers was made absolute. Complainant took exception to this order and appealed.

Section 1 of the Act of May 23, 1907, P. L. 227, as amended, 48 PS sec. 131, provides that a wife whose

husband has separated himself from her without reasonable cause and neglected to support her, although of sufficient ability to do so, "is hereby empowered to bring her action at law or in equity against such husband for maintenance, *in the court of common pleas of the county where the desertion occurred, or where she is domiciled.*" (italics supplied).

Since the act creating the Municipal Court (Act of July 12, 1913, P. L. 711, as amended, 17 PS secs. 681 and following) conferred exclusive jurisdiction on the Municipal Court "in all proceedings brought against any husband or father, wherein it is charged that he has without reasonable cause separated himself from his wife or children, or from both, or has neglected to maintain his wife or children" (section 11a, 17 PS sec. 694), the Municipal Court is the proper forum in Philadelphia County for this type of case, regardless of the amount involved: *Scott v. Scott,* 80 Pa. Superior Ct. 141; *Thomas v. Thomas,* 112 Pa. Superior Ct. 578, 172 A. 36.

The Act of 1907 having restricted the forum for this type of suit to the county where the desertion occurred or where the wife is domiciled, Mrs. Eldredge could not invoke the aid of the act anywhere else than in Philadelphia County, whether she sought relief in rem or in personam: *Hunnings v. Hunnings,* 55 Pa. Superior Ct. 261; *Harrison v. Harrison,* 107 Pa. Superior Ct. 161, 163 A. 62.

However, the fact that under the circumstances complainant's forum is limited to Philadelphia County does not relieve her from laws governing the jurisdiction of courts over persons against whom, or property against which, relief is sought. It is a necessary prerequisite to effectual action by a court of law or equity that the person, thing or status to be directly affected by the court's order must be within the power of the court to act.

The Act of 1907, as amended, provides for two types of proceedings—one in personam against the husband as an individual, and the other in rem against his property within the territorial limits of the court's jurisdiction: *Erdner v. Erdner*, 234 Pa. 500, 505, 83 A. 420. A proceeding under the act will be treated as one for relief in personam or in rem as the facts averred in the petition indicate, and the court will accordingly grant relief to the extent of its power. See *Shreve v. Shreve*, 305 Pa. 425, 429, 430, 158 A. 151; *Thomas v. Thomas*, 112 Pa. Superior Ct. 578, 172 A. 36. In the present case the proceeding cannot be sustained either as one in personam or as one in rem.

Treating the proceeding as one in personam (Section 1 of the Act of 1907 as amended, *Erdner v. Erdner*, 234 Pa. 500, 505, above), it is clear that the court acquired no jurisdiction over the husband or the appellees. Harry B. Eldredge was served only by publication. Appellees were served in Chester County. None of the defendants was served with process in Philadelphia County. Under the Act of April 6, 1859, P. L. 387, personal service of process outside the County of Philadelphia could be made on the appellees in Chester County only (1) where the suit in equity concerned goods, chattels, lands, tenements or hereditaments situate or being within the jurisdiction[1] of the Municipal Court, that is,

---

[1] Appellant's counsel would construe the Act of 1859, supra, as if it read, ...... "it shall be lawful for any court of this Commonwealth having equity jurisdiction ...... in any suit in equity which has been instituted therein ...... to order and direct that any subpoena ...... or other process to be had in such suit, be served upon any defendant or defendants therein, then residing or being out of the jurisdiction of such court, wherever he or she or they may reside or be found" etc.; but in so doing they omit certain important qualifying words. Under the Act the authority to order and direct that process may be served on a defendant or defendants residing out of the jurisdiction is limited to "any suit in equity which has been instituted

in Philadelphia County, or (2) where the court had acquired jurisdiction of the subject matter in controversy by the service of its process on the principal defendant, Harry B. Eldredge,—and this means *personal service* as distinguished from constructive *service by publication.* Service by publication on the principal defendant, not resident or found in the County of Philadelphia, concerning property not situate or being within the County of Philadelphia, does not authorize personal service of process, outside the County of Philadelphia, under the Act of 1859, on the other defendants in the suit. "No form of constructive service, whether substituted service outside the jurisdiction, or service by publication can give a court power to make a binding decree in personam against a nonresident; it would not be due process of law: *Pennoyer v. Neff,* 95 U. S. 714": *Hughes v. Hughes,* 306 Pa. 75, 79, 158 A. 874, (Mr. Justice DREW), quoted with approval in *Boudwin v. Boudwin,* 320 Pa. 147, 149, 150, 182 A. 536. "The common law rule, which has always prevailed in this state in the absence of a statute to the contrary, is that in an action in personam process must be served personally within

---

therein *concerning goods, lands, tenements or hereditaments,* or for the perpetuation of testimony concerning any lands, tenements, and so forth, *situate or being within the jurisdiction of such court,* or where the court have acquired jurisdiction of the subject matter in controversy, by the service of its process—[that is, by personal service]—on one or more of the principal defendants". It is clear that the words, "situate or being within the jurisdiction of such court", apply to the earlier clause, "concerning goods, lands, tenements or hereditaments", as well as the later, "for the perpetuation of testimony concerning any lands, tenements, and so forth"; but even if it did not specifically modify both, a court of equity, in the absence of personal service of process on the principal defendant, could not have jurisdiction in any suit "concerning goods, lands, tenements or hereditaments" unless they were "situate or being within the jurisdiction of such court": *Thomas v. Thomas,* 112 Pa. Superior Ct. 578, 585, 172 A. 36.

the jurisdiction of the court in which suit was commenced: *Heaney v. Mauch Chunk Boro,* 322 Pa. 487, 490. This principle has been adhered to in equity as well as at law. Recently this court held that service on a nonresident defendant made outside the jurisdiction of the court in an equity action in personam was invalid to confer jurisdiction, stating that, under the Act of April 6, 1859, P. L. 387, process may be served upon nonresident defendants only where service has been made upon a principal defendant in the county in which suit was commenced, or where it is an action in rem: *Gallagher, Admr., v. Rogan,* 322 Pa. 315. The same restriction applies to service on resident defendants in equity actions in personam, and in such cases personal service must be made in the county where the action is instituted": *Degan v. Kiernan,* 326 Pa. 397, 398, 192 A. 404.

Treating the proceeding as one in rem (Section 2 of the Act of 1907 as amended, *Erdner v. Erdner,* 234 Pa. 500, 505, above), it is equally clear that the court had no jurisdiction to make a decree. A mortgage, as between the parties, is a conveyance so far as necessary to render the instrument effective as a security, but only to that extent: *Beaver County B. & L. Assn. v. Winowich,* 323 Pa. 483, 489, 187 A. 481 and 921; *Harper v. Consolidated Rubber Co.,* 284 Pa. 444, 451, 452, 131 A. 356; *Bulger v. Wilderman and Pleet,* 101 Pa. Superior Ct. 168, 171-174. In proceedings between the parties the courts of the county in which the land lies have jurisdiction to grant relief in rem—that is, against the land: *Pittsburgh & State Line Railroad Co. v. Rothschild,* 8 Sadler 83, 93, 4 A. 385. Such is not the present case, for Mrs. Eldredge is not a party to the mortgage. Even if she were a party she could not proceed in Philadelphia County, because the land is in Chester County. In nearly all other instances, including those like the present case, a mortgage is treated only as security for

the payment of a debt: *White's Estate*, 322 Pa. 85, 89, 185 A. 589; *Bulger v. Wilderman and Pleet*, supra. "It is personal property and therefore governed by the principle *mobilia sequuntur personam*": *Gallagher v. Rogan*, 322 Pa. 315, 318, 185 A. 707. It is therefore to be reached where the mortgage creditor is. By the claimant's own allegations this is not in Philadelphia County but somewhere beyond the state of Pennsylvania, wherever Harry B. Eldredge is.

Since this appeal is under the Act of March 5, 1925, P. L. 23, 12 PS secs. 672-674, the only matter to be decided here is the jurisdiction of the court below to grant the relief asked: *Hughes v. Hughes*, 306 Pa. 75, 158 A. 874; *Welser v. Ealer*, 317 Pa. 182, 184, 176 A. 429; *Squire v. Fridenberg*, 126 Pa. Superior Ct. 508, 511, 191 A. 631. However, there is one other matter to which attention should be called. Complainant sought to have an award made from a five-eighteenths interest in a mortgage that her husband inherited from his parents. No explanation was made as to how this fractional interest came to him as such. When a mortgagee dies, the mortgage follows the debt it secures and vests in the decedent's personal representative: *Bulger v. Wilderman and Pleet*, 101 Pa. Superior Ct. 168, 174; *Fesmire v. Shannon*, 143 Pa. 201, 207-209, 22 A. 898; *Briggs v. Briggs*, 134 Pa. 514, 19 A. 677. Ordinarily the personal representative collects the amount due on the mortgage and, after payment of the debts and expenses payable out of the estate, distributes the balance to the decedent's beneficiaries. The mortgagors, unless they have consented to do so, cannot be compelled to pay the mortgage debt in fractional shares to a number of people to whom the mortgage was not originally given: *Concrete Form Co. v. Grange Construction Co.*, 320 Pa. 205, 208, 181 A. 589; *Gordon v. Hartford Ster-*

*ling Co.,* 319 Pa. 174, 177, 178, 179 A. 234, and cases therein cited.

The order is affirmed.