Guzek *v.* Empire Wholesale Company, Appellant.

Submitted May 6, 1959. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and McBride, JJ.

*Ralph P. Needle, Carlon M. O'Malley, Sr.,* and *O'Malley, Morgan, Bour & Gallagher,* for appellants.

*Joseph T. McDonald,* and *Everett A. Rosser,* for appellee.

Opinion by Mr. Chief Justice Jones, May 28, 1959:

These appeals were purportedly taken for the purpose of obtaining *in limine* a review of a jurisdictional question under the provisions of the Act of March 5, 1925, P. L. 23. However, the record fails to disclose any such appealable question.

The plaintiff, a stockholder, director and creditor of the defendant corporation, instituted this suit in equity against the corporation and its executive officers seeking redress of certain alleged corporate mismanagement on the part of the defendants to the plaintiff's hurt. The defendants filed preliminary objections in the nature of a demurrer to the complaint, also incorporating a motion to strike scandalous and impertinent matter and an allegation that the plaintiff had an adequate remedy at law.

A demurrer to a complainant's averments of fact, on the ground that they do not support the asserted cause of action, does not raise a jurisdictional question. Neither does a motion to strike alleged scandalous and impertinent matter go to the court's jurisdiction of either persons or subject matter. Nor does an allegation that the plaintiff has an adequate remedy at law, (which is merely an objection to the form of the action) raise a jurisdictional question appealable under the Act of 1925. Section 4 of the Act specifically so declares, viz., "The right of appeal here conferred is not intended to cover questions of jurisdiction which go to the form of the action alone as between law and equity, such as provided for in the Act of June seven, one thousand nine hundred and seven (Pamphlet Laws, four hundred and forty)." 12 PS §675.

The court below properly overruled the defendants' preliminary objections.

Appeals dismissed.