## Coriander, Inc. v. Universal Carloading & Distributing Co., Inc.

*James O. Hausch*, for plaintiff.
*Harry L. Kaufman*, for defendant.

GUARINO, *J.*, July 11, 1980—Plaintiff has filed a complaint against defendant, a foreign corporation registered to do business in Pennsylvania with a place of business in Philadelphia, to recover damages for failure to exercise due care, for losing goods entrusted to it, and for non-delivery to plaintiff. The

sheriff was unable to serve the complaint on defendant at its Philadelphia office. As a result, plaintiff mailed the complaint by registered mail, "return receipt requested," to defendant's New York office. The registered item was received, as is evidenced by affidavit of service. Procedurally, the matter is before us on defendant's preliminary objections challenging the jurisdiction over person and subject matter.[1] Plaintiff has answered the preliminary objections by alleging that defendant is registered to do business in Pennsylvania and has registered offices at 130 Spring Garden Street, Philadelphia.

Since the parties have agreed to proceed on preliminary objections and answer, we are guided in determining the operative fact by Philadelphia Court Rule 140(E)(3)[2] which provides that where the averment of a preliminary objection raising a question of jurisdiction is contested by an answer, the parties are to proceed as prescribed by Pa.R.C.P. 209[3] which provides that where the parties elect to proceed without taking depositions, the averments of fact responsive to the preliminary objections are admitted. See Silver v. Moore, 3 Phila. Interloc. Civil Opin. 183 (1978); Dupree v. St. Joseph's Hospital, 1 Phila. Interloc. Civil Opin. 166 (1976). Cf. Philadelphia Gas Heating Co. v. San-

1. Pa.R.C.P. 1017(b)(1).

2. "With respect to [a preliminary objection] . . . under Pa.R.C.P. Rule 1017(b)(1) . . . (b) In the event that the answer contests a factual averment, the procedure shall be as described in Pa.R.C.P. Rule 209 . . ."

3. While this rule speaks of petition and answer, Philadelphia Court Rule 140(E)(3) makes it applicable to preliminary objections which contain contested facts.

ders, 181 Pa. Superior Ct. 510, 124 A. 2d 435 (1956); Hunt v. Thompson, 1 Phila. Interloc. Civil Opin. 127 (1977); Norwich Parmacal Co. v. Clement, 1 Phila. Interloc. Civil Opin. 129 (1977); Hertz Commercial Leasing Corp. v. Goldstein, 3 Phila. Interloc. Civil Opin. 9 (1979). Hence, the answer to preliminary objections that defendant as a foreign corporation is registered in Pennsylvania with offices at 130 Spring Garden Street, Philadelphia is deemed to be true for the purpose of disposing of the in personam jurisdiction question.

The first of defendant's two prong challenge— that the court lacks jurisdiction over its person—is predicated on the false assumption that service by registered letter at its New York office was improper and ineffectual to attach jurisdiction.[4]

To be sure, a necessary prerequisite to effectual action by a court is that the person who is to be affected by the court's judgment be within the power and control of the court: Eldrege v. Eldrege, 128 Pa. Superior Ct. 284, 288, 194 Atl. 306 (1937). A court otherwise having jurisdiction over the subject matter of a suit gains power over a defendant by a process that gives to the defendant adequate notice of the cause of action plus an opportunity to appear and be heard in defense: McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608 (1917); Neff v. Tribune Printing Co., 421 Pa. 122, 218 A. 2d 756 (1966).

---

4. Defendant does not contest personal jurisdiction on the ground that the "minimum contacts" doctrine has been violated. See 42 Pa.C.S.A. §5301(a)(2); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 2d 1283 (1958).

In Pennsylvania, the procedure for providing such notice and opportunity (service) is prescribed by statute and by rule of civil procedure. The Judicial Code provides this common pleas court with power to exercise jurisdiction over a foreign corporation which is registered within the state under the laws of the Commonwealth: 42 Pa.C.S.A. §5301(a)(2)(i). Beyond that, Pa.R.C.P. 2180(c) provides the mechanics for service, by having the sheriff serve the agent or person in charge at the corporate office in the county. For service on a registered foreign corporation outside the Commonwealth ". . . the plaintiff shall have the right of service . . . (1) by . . . a competent adult . . .; or (2) in the manner provided by Rule 2079(c)(2), (3), (4) or (5); or (3) in the manner provided by section 5323[5] or 5329(a)[6] of the Judicial Code relating to service of process on persons outside the Commonwealth." Pa.R.C.P. 2180. (Footnotes supplied.)

5. "§5323. Service of process on persons outside this Commonwealth.

"(a) Manner of service.—When the law of this Commonwealth authorizes service of process outside this Commonwealth, the service, when reasonably calculated to give actual notice, may be made: . . . (3) By any form of mail addressed to the person to be served and requiring a signed receipt."

6. "§5329. Other provisions of law unaffected

"Except as otherwise provided in this subchapter, this subchapter does not repeal or modify any law of this Commonwealth: . . . (2) Permitting a procedure for service or for obtaining testimony, documents, or other things for use in this Commonwealth or in a tribunal outside this Commonwealth other than the procedures prescribed in section 5323 (relating to service of process on persons outside this Commonwealth) through section 5326 (relating to assistance to tribunals and litigants outside this Commonwealth with respect to depositions)."

Having failed to have the sheriff serve an agent at 130 Spring Garden Street, Philadelphia, defendant's corporate office, the plaintiff served defendant "by registered letter sent by the plaintiff . . . addressed to the last known address of the defendant and requiring a receipt signed by the defendant [Pa.R.C.P. 2079(c)(3)]" as provided for by Pa.R.C.P. 2180(c)(2).

Defendant's claim that it was not properly served is therefore unfounded. The argument that rule 2079(c)(3) refers to service on nonresidents and therefore should not apply to defendant who is a resident (registered foreign corporation) is syntactically improper and logically untenable. It contradicts the plain meaning of the langauge of rule 2180(c)(2) which unequivocally and specifically provides that a resident foreign corporation may be served outside the state in the manner provided for service of a nonresident who may otherwise be constitutionally amenable to the court's process. The language of a rule must be considered according to rules of grammar and approved usage. See Pa.R.C.P 103. In fact, service in this case has been made under Pa.R.C.P. 2180(c)(2) which incorporates the provisions for service under Rule 2079(c)(3) applicable to nonresidents. It is not surprising that the rules should provide for the same method of service, when service can constitutionally be made on one who is outside the state. The matters are in pari materia, and are properly treated in the same manner by the rules of service of process. There can be no reason why, if jurisdiction over a nonresident (who is constitutionally amenable to the jurisdiction of the state court) can be achieved by registered mail, the same type of service cannot obtain jurisdiction over a resident

corporate defendant who for some reason cannot be served within the state, but like the nonresident can be served outside the state.

Defendant's second prong of the challenge—that the court has no power to hear and decide the subject matter of plaintiff's suit—is also without merit. The complaint declares a cause of action in assumpsit and trespass requesting damages for negligence in losing items of clothing entrusted to defendant and for failure to deliver same to plaintiff-buyer. Under the judiciary article of the Pennsylvania Constitution, Art. 5, §5, each of the 50 common pleas courts of the Commonwealth has unlimited original jurisdiction in all cases and proceedings except as otherwise provided by law. See also, Judicial Code, 42 Pa.C.S.A. §931(a). Actions in assumpsit and trespass are cognizable in the common pleas courts. See Pa.R.C.P. 1001 et seq. (assumpsit action); West Homestead Borough School District v. Allegheny County Bd. of School Directors, 440 Pa. 113, 269 A. 2d 904 (1970) (legal and equitable); see Pa.R.C.P. 1041 et seq. (actions in trespass); Slezynger v. Bischak, 224 Pa. Superior Ct. 552, 307 A. 2d 405 (1973) (tort). Both the action in trespass and assumpsit are transitory actions. Where there is a valid service of process on a defendant, the fact that the causes of action may have arisen outside the Commonwealth is not pertinent or controlling on the question of this court's jurisdiction over the subject matter. See Garfield v. Homowack Lodge, Inc., 249 Pa. Superior Ct. 392, 378 A. 2d 351 (1977); Di Ciano v. Western Contracting Corp., 224 F. Supp. 803 (E.D. Pa. 1963).

We conclude that this court has jurisdiction to hear and decide the subject matter of the present complaint in assumpsit and trespass and has juris-

738

dicton over the person of defendant. Service by registered letter, return receipt requested, mailed to defendant's New York office and received there by defendant, a foreign corporation registered in Pennsylvania with offices in Philadelphia, is effective in procuring jurisdiciton over the person of defendant. Accordingly, we enter the following

### ORDER

And now, July 11, 1980, defendant's preliminary objections are dismissed, defendant shall file answer or otherwise plead within 20 days from the date of this order.