## Taylor, Appellant, *v.* McCafferty.

*Equity—Equity practice—Appearance—Appearance de bene esse.*

A short appearance de bene esse, such as is customary on the law side of the court in Pennsylvania, cannot be treated as a conditional appearance in equity since it lacks the essential features of such an appearance. In form a conditional appearance contains a reservation of all benefit of exception to the bill and service, a submission to such order or process as the court shall direct, and the specific motion in the premises, with the ground on which it is based. Under our equity rules, a formal submission to process would seem unnecessary; but a limitation of the appearance, defining the purpose, is essential, or the appearance will be general, and thus cure the

defect complained of. The words "de bene esse" in a præcipe have no meaning in equity practice, and rejecting them as surplusage leaves the appearance general.

Where a notice to answer indorsed on a bill in equity gives fifteen instead of thirty days, and a motion to dismiss the bill signed by an attorney at law gives as a reason, first that the notice is defective, and second, that the bill sets forth no cause entitling plaintiff to relief, the motion thus signed will be considered as a general appearance. The second reason assigned operates as a submission to the jurisdiction of the court in the premises, and cures the defect in the notice alleged in the first reason.

Argued Oct. 25, 1904. Appeal, No. 247, Oct. T., 1904, by plaintiff, from decree of C. P. Center Co., Nov. T., 1904, No. 2, dismissing bill in equity in case of R. B. Taylor v. James A. McCafferty, interpleaded with the supervisors of Spring Township. Before Rice, P. J., Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ. Reversed.

Bill in equity for an injunction.

From the record it appeared that James A. McCafferty made the following motion:

And now, to wit: November 4, 1903, James A. McCafferty, one of the defendants above named, moves the court to dissolve the preliminary injunction issued in this case and to dismiss plaintiff's bill of complaint, with costs to be paid by said plaintiff, for the following reasons, viz:

1. That the notice to the defendants to cause an appearance for them in said court on said bill indorsed is not in accordance with the amended rules adopted by the Supreme Court of Pennsylvania, January 15, 1894, and October 5, 1900, to regulate the several courts of common pleas of this commonwealth in proceedings in equity and in force at the time of the filing of the complainant's bill in case, inasmuch that it requires the defendant to appear within fifteen days and to file his answer to the said bill of complaint within fifteen days after service, instead of requiring the said defendant to appear within fifteen days and to file his answer within thirty days as by the said rules of court required, and because the said bill and notice are otherwise not in form as by the said rules prescribed.

2. That the said bill sets forth no cause entitling the plaintiff to relief by injunction.

The following appearance was entered:

124        TAYLOR, Appellant, *v.* McCAFFERTY.

Statement of Facts—Opinion of the Court. [27 Pa. Superior Ct.

" Please enter my appearance as Attorney for James A. Mc-
Cafferty (one of the Defendants above named), de bene esse.
                                  " WILBUR F. REEDER.

" To M. I. GARDNER, ESQ.,
                    " Prothonotary.
" Filed November 5, 1903."

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*A. O. Furst* and *J. C. Meyer*, for appellant.

*Clement Dale*, with him *James A. B. Miller*, for appellee, cited
as to the insufficiency of the notice : Cassidy v. Knapp, 167
Pa. 305 ; Hackman v. Hertzler, 19 Lancaster Law Rev. 238 ;
Shamokin & Coal Twp. Light & Power Co. v. John, 18 Supe-
rior Ct. 498.

OPINION BY SMITH, J., January 17, 1905 :

The plaintiff, a surety, having performed the contract of his
principal, upon notice by the party entitled to performance,
seeks reimbursement through subrogation to the principal's
claim to the contract price.   Upon the case, as set forth in the
bill, his right to this, in equity, cannot be doubted.   The de-
faulting principal is the only party who questions this, and he
sets up, also, a technical objection to the form of the notice to
appear and answer, indorsed on the bill.

This notice requires the defendant to appear within fifteen
days.   As a notice to appear, this is in conformity with equity
rule 4.   It further requires him to answer within fifteen days.
While, by rule 5, " the plaintiff shall be at liberty to include in
the rule to appear a further requirement to answer within thirty
days," such inclusion is not mandatory, but a separate rule to
answer may be entered under rule 29.   Whether, in the pres-
ent case, the notice should be held sufficient as a notice to ap-
pear, and the residue treated as surplusage, it is unnecessary
to decide.

At common law, the defendant's appearance was necessary
to give the court jurisdiction.   Hence there could be no
judgment against him until he had appeared; and his default

in this respect subjected him to process designed to enforce his appearance. In the practice on this point, equity followed the law, and upon the defendant's default "process of contempt" was issued to compel his appearance. In Pennsylvania, at an early day, judgment for want of appearance, in proceedings at law, was authorized by statute ; and a practice arose, unknown elsewhere, of entering an appearance " de bene esse," under which the defendant was permitted to question the form and service of the writ, without being liable to the consequences of a default should these be sustained, or of an appearance should they be held defective. In 1824, Mr. Justice DUNCAN, in Blair v. Weaver, 11 S. & R. 84, said : " The appearance de bene esse is peculiar to the courts of this State, and has invariably prevailed, from a time to which the memory of man runneth not to the contrary ; I have known the practice to prevail for more than forty years, and I have seen such entries long before my time. It was borrowed from filing a declaration de bene esse ; that is, conditionally, until special bail be put in. An appearance de bene esse was, provided there was a good writ and a good service." In equity, however, during the existence of a court of chancery in this state, from 1720 until 1736, there was no authority to enter a decree pro confesso for want of appearance, and process of contempt was still employed to compel the defendant to appear, and also to answer, in accordance with chancery practice in England : Rawle on Equity in Pennsylvania. Under this practice, if the defendant wished to contest the regularity of the subpœna or service, he was required to move for leave, which was of course, to enter a conditional appearance, and therein to submit himself to such process as the court should direct against him should his contention in the premises fail. In the latter event his appearance became absolute, and he was liable to process of contempt to compel an answer : 1 Daniell's Chan. Pr. 453–537. In England statutory provision has been made for a decree pro confesso without an appearance ; and in this state the rules based on the legislation, beginning in 1836, giving courts of law equity powers, authorize a decree pro confesso on default of appearance or of answer, while preserving to the plaintiff, at his election (rules 13 and 29) the right to process of contempt to compel both. But the short entries

employed in this state, in pleadings at law, have never obtained in equity. In the present case, the precipe filed on the part of the defendant McCafferty, November 5, 1903, while sufficient as an appearance de bene esse at law, cannot be treated as a conditional appearance in equity, since it lacks the essential features of such an appearance. In form, a conditional appearance contains a reservation of all benefit of exception to the bill and service, a submission to such order or process as the court shall direct, and the specific motion in the premises, with the ground on which it is based. Under our equity rules, a formal submission to process would seem unnecessary; but a limitation of the appearance, defining its purpose, is essential, or the appearance will be general, and thus cure the defect complained of. Here the words " de bene esse," in the precipe, have no meaning in equity practice, and rejecting them as surplusage leaves the appearance general.

Irrespective, however, of this appearance, the case presents at an earlier date an appearance by the defendant in another form. If, by the most liberal relaxation of practice, we could so far dispense with the requisites of a conditional appearance as to regard the defendant's motion to dismiss the bill, November 4, 1903, as such an appearance, with respect to the first reason assigned, the second reason gives it a wholly different character. The motion on a conditional appearance must be directed only to some formal defect in the bill or irregularity in the service, with nothing by way of defense on the merits. If it presents anything in the nature of a reply to the matters contained in the bill, it goes beyond the scope of a conditional appearance, and implies submission to the judgment of the court on such reply. It thus operates as an appearance to the action, and also as an answer or demurrer, according to the nature of the reply, and hence as a waiver of any formal defect in the bill or defect in the service. Here the second reason assigned is in effect a demurrer, and looks to the determination of the cause on the merits as appearing from the bill. Hence it operates as a submission to the jurisdiction of the court in the premises, and cures the defect in the notice alleged in the first reason : Jeannette Borough v. Roehme, 197 Pa. 230; Brinton v. Hogue, 172 Pa. 366; Hughes v. Antill, 23 Pa. Superior Ct. 290. And since the defendant is thus

in court, no amendment of the notice is necessary; therefore we need not consider whether it may be amended.   The case of Hinnershitz v. United Traction Co., 206 Pa. 91, has no application here.   The discretionary power to relax the letter of a rule to prevent an obvious injustice under the circumstances of a particular case, does not extend to a practical abrogation of well-settled principles that must reach all cases.

Though the bill appears to have been dismissed by the court below on the merits, as well as on the defect, in the notice, and both have been argued on this appeal, we can express no opinion respecting the merits, further than was intimated at the outset, until after final hearing and decree on such defense as the defendant McCafferty may choose to make.

The decree is reversed, and the bill and injunction are reinstated at the costs of the appellee.   And it is further ordered that the cause proceed in the court below as provided by the equity rules on the overruling of a demurrer.