## Stumpf v. Cervino, etc.

*Jacob Boonin*, for plaintiff.
*Walter D. Stewart*, for defendant.

OLIVER, P. J., April 20, 1942.—In this case the owner of a piece of real estate, situate in the City of Philadelphia, wants to pay off the mortgage which is a lien upon that property. It is of course recorded in the office for the recording of deeds in this city. The owner is not liable on, or interested in, the bond which accompanied

the mortgage and is interested in the mortgage only to the extent that it is a lien on her real estate. She has filed a bill in equity to ascertain the amount of that lien so that, in accordance with Pennsylvania statutes, she may tender payment thereof and require the lien to be satisfied of record and her property thus cleared of encumbrances. Furthermore, defendant has for years been collecting the rents from the property as mortgagee in possession, but refuses to account for the moneys so received or to apply any surplus thereof to the reduction of the encumbrance.

As the holder of the mortgage, who has thus been collecting the rents from the property, resides in New Jersey, plaintiff obtained service under order of court by registered mail pursuant to the provisions of the Act of April 6, 1859, P. L. 387, sec. 1, 12 PS §1254, which was reënacted by the Act of March 20, 1941, P. L. 11, sec. 1. The relevant provisions follow:

". . . from and after the passage of this act, it shall be lawful for any court of this commonwealth having equity jurisdiction, upon the special motion of the plaintiff or plaintiffs, in any suit in equity which has been or shall be instituted therein, concerning . . . lands, tenements, or hereditaments, . . . situate or being within the jurisdiction of such court, or concerning any . . . mortgage, or encumbrance thereon, . . . to order and direct that any subpœna, subpœnas, or other process to be had in such suit, be served upon any defendant or defendants therein, then residing or being out of the jurisdiction of such court, wherever he, she or they may reside or be found; and upon affidavit of such service had, to proceed as fully and effectually as if the same had been made within the jurisdiction of such court: . . . ."

In our opinion, such service under the circumstances was proper. The suit directly concerns a mortgage on land within the jurisdiction of this court, and it concerns the mortgage as an encumbrance against that

land, which directly affects the title of the owner and her right to enjoy the rents and profits of her land. See American Trust Co. v. Kaufman, 287 Pa. 461, and Shreve v. Shreve et al., 305 Pa. 425.

We are, therefore, of the opinion that the provisions of the above-entitled act are applicable and that the service should not be set aside.

Furthermore, although the petition purports only to raise preliminary objections to this court's jurisdiction under the Act of March 5, 1925, P. L. 23, it actually is in part an answer to the bill. Paragraph 7 of the petition reads as follows:

"Your petitioner, Josephine Cervino, is informed, believes, and therefore avers that the full principal of said mortgage amounting to $8,000 remains due and unpaid and that a balance of $93.21 of the interest due March 3, 1936, as well as all interest subsequently falling due remains unpaid, and no rents have been applied toward the payment of the same or any part thereof. The petitioner avers that the rents received since July 25, 1941, the date when plaintiff took title to said premises, have not as yet been applied to either taxes, interest or principal of said mortgage or to the repairs of said property."

The foregoing is clearly an answer to the merits. It alleges that the full amount of the mortgage remains due and undertakes to set forth the amount of interest owing and the method of the application of the rents. To that extent it is an answer to plaintiff's allegation that the premises have been rented since March 1932 and that substantial credits are due plaintiff.

In the case of Thomas v. Thomas et al., 112 Pa. Superior Ct. 578, the wife sought to attach a spendthrift trust belonging to the husband. The husband resided out of the jurisdiction and was served in accordance with the Act of April 6, 1859, P. L. 387, 12 PS §1254. Defendant appeared and set forth matters unnecessary to the raising and decision of the question as to the

jurisdiction of the court. The lower court held that this in effect placed defendant within its jurisdiction for all purposes, as if defendant had entered a general appearance. This ruling was specifically affirmed in the opinion of the Superior Court which stated, inter alia (p. 584):

"In the case of Taylor v. McCafferty, 27 Pa. Superior Ct. 122 (1905), at p. 126, this court said: 'The motion on a conditional appearance must be directed only to some formal defect in the bill or irregularity in the service, with nothing by way of defense on the merits. If it presents anything in the nature of a reply to the matters contained in the bill, it goes beyond the scope of a conditional appearance, and implies submission to the judgment of the court on such reply. It thus operates as an appearance to the action, and also as an answer or demurrer, according to the nature of the reply, and hence as a waiver of any formal defect in the bill or defect in the service.' By filing a pleading, at least in part to the merits of the cause, brings the defendant into court for all purposes." See also Byers v. Byers, 208 Pa. 23, 26.

And now, April 20, 1942, defendant's rule is discharged and defendant is hereby directed to file an answer on the merits within 15 days from date hereof.