## Schoble's Trust

*Lloyd J. Schumacker*, for petitioner.

*Thomas S. Lanard*, for respondent.

LADNER, J., May 29, 1942.—Helen Bisbee Schoble, for herself and as next friend for her three minor children, beneficiaries under a deed of trust inter vivos, on December 3, 1941, filed a petition in which the trustee (a foreign corporation) joined and upon which a citation was awarded, directed to Ralph T. Schoble, to show cause why the trustee (resigned) "should not be discharged, conditioned upon absolute confirmation of its account in due course, and delivery of the assets of the estate in accordance with the adjudication thereof";

and "why the Land Title Bank & Trust Company should not be appointed substituted trustee."

Ralph T. Schoble, who was personally served in Philadelphia, appeared de bene esse, and filed an answer entitled, "Answer raising question of jurisdiction." This we treated (see Schoble's Petition, 43 D. & C. 459) as an answer in the nature of demurrer, dismissed the objections to the jurisdiction raised by it, and entered a decree (March 17, 1942) giving leave to respondent to file an "answer on the merits" within 15 days.

Within the time specified, Ralph T. Schoble filed an answer entitled, "Answer of Ralph T. Schoble, appearing de bene esse only." We cannot recognize such further conditional appearance. An appearance "de bene esse" in an equity proceeding, and certainly in this court, is an anomaly. The practice of entering such an appearance in Pennsylvania arose in the law courts at an early day after judgment for want of an appearance was authorized by statute. By so appearing, defendant was permitted to question the form and service of the writ without being liable to consequences of a default should these be sustained, or of an appearance should they be held defective. In equity such an appearance was at best a doubtful practice: Taylor v. McCafferty, 27 Pa. Superior Ct. 122; and there is no provision in our own rules for such an appearance. Though it is true that Equity Rule 29, in the language of section 2 of the Act of March 5, 1925, P. L. 23, provides that a *petition* filed to test preliminarily the jurisdiction of the court shall be deemed "de bene esse" only and not to operate as a general appearance, that rule must be regarded as confined to that particular procedure only, which in Heinz's Estate, 313 Pa. 6, was held not to be applicable to this court. In Thomas v. Thomas et al., 112 Pa. Superior Ct. 578, it was pointed out that a motion on a conditional appearance in equity proceedings must be directed only to some formal defect in the bill or irregularity in the service,

with nothing by way of defense on the merits. If it presents anything in the nature of a reply to the matters contained in the bill, it goes beyond the scope of a conditional appearance, and implies submission to the judgment of the court on such reply. Having heretofore permitted respondent to question our jurisdiction by an answer in the nature of a demurrer, and having overruled all his objections and directed him to answer on the merits, he must do so. We will, therefore, treat the answer now before us as one filed *on the merits* and proceed to dispose of the questions raised therein as on petition and answer in accordance with well-settled practice of this court.

From the petition the following facts appear: Ralph P. Schoble is one of the beneficiaries in a deed of trust dated March 3, 1927, executed and delivered in Philadelphia and now being administered here by the Fidelity-Philadelphia Trust Company, substituted trustee. The assets constituting the corpus of the trust have their situs here.

On March 31, 1939, Ralph P. Schoble and his wife, the petitioner, executed an agreement of separation, settling certain property rights and providing for support and maintenance of the wife petitioner and their two minor children. To carry out part of the terms of this separation agreement, Ralph P. Schoble executed a deed of trust, dated April 1, 1939, to the Hame Corporation as trustee, and it assigned a portion of the income in trust to which he was entitled under the 1927 deed of trust. Both agreement of separation and deed of trust were executed and delivered in Philadelphia. By the terms of the 1939 deed of trust the income is to be used for the support of petitioner and the children, etc., "with power to invest the excess not required for the purposes as aforesaid." The deed contains a spendthrift trust provision and limits the payments to be made by the trustee so long as the wife shall live and not remarry and until the children and each of them shall die or attain the full legal age.

The Hame Corporation, trustee, is what is commonly called a "family corporation", the stockholders of which comprise the family of E. C. Bisbee, who is Mrs. Schoble's father. Its business is that of owning and holding certain assets for the benefit of the Bisbee family, but it is also authorized by its charter to act as trustee. Pursuant to the deed of trust the Hame Corporation, as trustee, collected the income in the County of Philadelphia, and paid it over to the beneficiaries, who reside in Montgomery County, Pa. Ralph P. Schoble also resides in Montgomery County, Pa. The Hame Corporation is a corporation of the State of Delaware with its principal office in Wilmington. It is not registered in Pennsylvania and has no office anywhere within this State.

On March 14, 1941, Ralph P. Schoble, the settlor, addressed a letter to the Fidelity-Philadelphia Trust Company, trustee under the deed of trust of March 3, 1927, by which he attempted to repudiate his deed of trust to the Hame Corporation. The Hame Corporation has annexed to its petition its resignation as trustee and asks for its conditional discharge and that the Land Title Bank & Trust Company be substituted as trustee in its place and stead.

No account was ever filed heretofore here or in any other court of this State or elsewhere. Upon these allegations we held (Schoble's Petition, 43 D. & C. 459) we had jurisdiction to entertain the petition. See also Jones v. Jones et al., 344 Pa. 310.

Respondent in his answer so filed admits all the facts pleaded in the petition but seeks to avoid having the relief prayed for granted by a general denial of the validity of the separation agreement, though no reason is stated why said agreement, duly signed, sealed, and delivered, should be regarded as invalid. The answer *then* pleads in abatement three pending suits.

The manner of pleading these pending suits in the answer before us leaves much to be desired. The es-

sential requirements of such a plea are set forth in 4 Standard Pa. Practice 105, §95, in the following language:

"A plea in abatement on the ground of the pendency of another action should set forth every element essential to this defense. It should set forth that another suit was previously commenced in a court of competent jurisdiction in the same jurisdiction between the same parties, in which suit the same cause of action was asserted and the same relief prayed for, and that it remains pending and undetermined at the time of plea. . . . A mere allegation that another suit has been brought on same cause of action and is still pending and undetermined is insufficient if it fails to aver that the other suit was a prior action." See also Masters's Estate, 85 Pa. Superior Ct. 292.

The proceedings before us were commenced December 3, 1941. As to the first of the pending suits pleaded, respondent avers "The Court of Montgomery County, in a certain proceeding begun by Helen Bisbee Schoble (the petitioner herein), assumed jurisdiction of the rights of said children and ruled that Helen Bisbee Schoble had no right or power to enter into any agreement for the support of her children which would be binding and that the provisions in exhibit A (the separation agreement), so far as the children are concerned are void—November term, 1941, no. 178." This averment appears to us to be designedly vague and we will assume respondent has pleaded it as strongly as his conscience would allow. It nowhere avers that this proceeding was commenced *before* the petition was filed in this court. It does not set forth the nature and character of the proceedings, nor that the parties were the same, nor that the same cause of action was asserted therein nor the same relief prayed for. It does not aver that the proceedings are still pending, nor whether the ruling of the court of the court was oral or in writing. If the latter a copy of the same should have

been annexed so that we can make our own interpretation thereof.

The answer next avers: "The validity of exhibit A and its several supplements is now before the Courts of Montgomery County in a certain equity proceeding, April term, 1942, no. 2." Obviously this suit was commenced *after* the one before us so that it can be disregarded for this reason alone (Feather v. Hustead, 254 Pa. 357), although the lack of the proper essentials, pointed out in the previous averment, is applicable to this also. Finally, it is averred: ". . . the right of the Hame Corporation mentioned herein as trustee to the fund in the hands of the Fidelity-Philadelphia Trust Company is now and has been prior to the filing of the petition in this case at issue in the Municipal Court of Philadelphia County, February term, 1941, no. 662, which case remains undetermined. The validity of this exhibit A is at issue in the Municipal Court, February term, 1941, no. 623, and in the equity proceedings in Montgomery County, April term, 1942, no. 2."

Obviously this averment is as bad as the others, not only because of its indefiniteness and vagueness but because neither the parties, the cause of action, nor the relief prayed for in the Municipal Court are the same. Respondent himself apparently did not so consider it or he would not have commenced at a later date the equity suit in Montgomery County.

The answer is wholly insufficient to prevent this court from exercising its jurisdiction and granting the relief asked. The prayer of petitioner is granted and the Land Title Bank & Trust Company is now appointed substituted trustee under the deed of trust of April 1, 1939, in place of the said Hame Corporation, resigned, and the Hame Corporation is discharged, conditioned, however, upon first filing an account as trustee and upon the transfer and delivery of the trust assets in accordance with the adjudication thereof.