# Wormley's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

668

*Thomas W. Maher*, with him *Cecile J. Shapiro* (of the Ohio State bar), for exceptants.

*Cuthbert H. Latta*, for *Barnes, Dechert, Price, Smith & Clark*, contra.

BOLGER, J., November 14, 1947.—Exceptant appears de bene esse to contest the jurisdiction of the court. She poses several questions. Does this court have jurisdiction (1) of the subject matter? (2) of the person of the life tenant? (3) May this court collaterally attack the ruling of the Circuit Court of Appeals for the Sixth Circuit? (4) "Does the orderly administration of justice demand that parties be given notice of rulings on motions to the jurisdiction of the court and an opportunity to enter an appearance on the merits of the cause if they should choose?" (5) Does this court have the requisite jurisdiction to award the income back to the trustees? (6) If the answer to (5) be affirmative, should this court, as a court sitting in equity, exercise such jurisdiction?

Exceptant herself answers exception 1 on page 15 of her brief where she states:

"It is not denied by the life tenant that this court has jurisdiction over the trust created by the will of

Theodore G. Wormley, deceased. The life tenant readily admits that this court has such jurisdiction. Such jurisdiction necessarily extends to all matters concerning the trust res which may properly be before the court in the process of the orderly administration of the trust estate."

2. The audit of an account of a fiduciary by this court is an action in rem. In Thorne's Estate, 344 Pa. 503, the Supreme Court quotes at page 515 from Elkins' Estate, 325 Pa. 373: " 'An Orphans' Court decree confirming a duly administered and audited account is binding upon all the world unless fraud be shown.' " This is likewise true of our jurisdiction over wills: Rockett Will, 348 Pa. 445. Therefore, the question is not whether we have jurisdiction over the person of the life tenant, but whether in exercising our jurisdiction, we afford due process to all interested parties. That process is set forth in our Orphans' Court Act of June 7, 1917, P. L. 363, sec. 12; section 6, Rule 3, of the Orphans' Court Rules of Pennsylvania; section 46 (c) of the Fiduciaries Act of June 7, 1917, P. L. 447, and our own Orphans' Court Rules, all of which involve the subject of notice to interested parties. Such notice was given to exceptant. However, were there any defect in such notice, exceptant's appearance by counsel cured it. Her appearance de bene esse is not recognized by this court since it is not provided for by legislation or by rule of court. We, therefore, reject the words de bene esse as surplusage which leaves the appearance general: Taylor v. McCafferty, 27 Pa. Superior Ct. 122.

The filing and audit of this account is not in the nature of a petition for a declaratory judgment. The audit of accounts is one of the main functions of this court and has been traditionally the procedure under which all questions concerning the administration of the estate, claims against the fund, and all other mat-

ters of distribution are adjudicated. This is a question of distribution. As held in Wilson v. The Board of City Trusts, 324 Pa. 545, our jurisdiction over testamentary trusts is exclusive and in the exercise of it our authority is plenary, embracing all the powers of a court of chancery. Included in that authority is the protection of our trustees in the conduct of their office; this includes reimbursement to them for expenses properly incurred in the administration of the trust: A. L. I. Restatement of the Law of Trusts, §244. Spendthrift trusts are not excluded. Counsel fees and expenses in orphans' court proceedings involving attempted surcharges are apportionable against principal and income *even though the trust be spendthrift,* in the discretion of the court: Clay's Estate, 25 D. & C. 257; Jones' Estate, 344 Pa. 100, 110. Section 12 of the Uniform Principal and Income Act of May 3, 1945, P. L. 416, authorizes court costs, attorneys' and other fees on regular accountings, to be apportioned between income and principal as the court, the testator or the creator of the trust may direct. This act makes no distinction between spendthrift and other types of trust. However, in the light of Clay's Estate, supra, and Jones' Estate, supra, we hold it applicable to spendthrift trusts. See also comment (d), §244, of A. L. I. Restatement of the Law of Trusts.

The proceeding in the Federal court of Ohio is an attempt to surcharge our trustee. Should the attempt fail and that court assess the costs against the life tenant, the trustee will be entitled to reimbursement therefor as well as for counsel fees, some of which, if not all, may be assessable against the life tenant's share of this trust. The learned auditing judge has cited ample authority to support this principle. It is immaterial that such expenses would be debts owing to the trustee in its corporate capacity or that they presently exist only in the realm of possibility. The

relationship between trustee and cestui que trust is an intimate one, each owing the other certain responsibilities that do not exist in other legal relationships. The question is the ability of the trustee to reimburse itself from a cestui que trust who may prove to be harassing it without cause for expenses incurred in protecting itself, and of the authority of this court to aid it in so doing.

The trustee's request does not require us to inquire into or reflect upon the suit in the Federal courts of Ohio. That litigation may, as stated in the circuit court's opinion (159 F.(2d) 239-242) "leave undisturbed the orderly administration of the estate" in this court, but it may also unjustifiably—in the opinion of that court—cause our trustee large outlays which it may not be able to collect should it successfully defend the litigation, while the life tenant would be enjoying the income. That would be inequitable. This trustee will be subjected to a heavy burden in presenting its case through witnesses and records in the United States district court of Columbus, Ohio, and by having to employ counsel there. We are satisfied that it is not merely our right, but our duty to protect it from having to bear those expenses if it ultimately appear that they should be borne at least in part, if not wholly, by the life tenant. This is especially so because our record here reveals no irregularity by the accountant or any accusation against it by the life tenant. Ample time and opportunity were available to her to petition this court to open and review the adjudication. Since the life tenant has refused to accept this forum for the hearing of her charges where the trustee's as well as the estate's expenses would have been reduced to a minimum but has chosen the Federal forum in Ohio, thus putting her own convenience above that of all others, it is only right and

equitable that the trustee be protected by having opportunity afforded to it to collect any expenses it has to pay should it prevail.

The exceptions are dismissed and the adjudication is confirmed absolutely.